**HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL 107 OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, by Thomas Graham, Carmen Grasso, Anthony Hnizdo, Jr., Karl M. Jensen, John C. Jones, Edward P. McCormick, John Regan, William D. Stasen and Robert D. Thomas, Trustees, ad litem**

v.

**Raymond COHEN, Joseph E. Grace, Edward Battisfore and Edward Walker.**

Civ. A. No. 27053.

United States District Court
E. D. Pennsylvania.

April 5, 1963.

Edward B. Bergman, of Solo, Bergman & Trommer, Philadelphia, Pa., for plaintiff.

Abraham J. Brem Levy, of Dash & Levy, Philadelphia, Pa., for defendant.

BODY, District Judge.

Plaintiffs are nine trustees *ad litem* who are members of Highway Truck Drivers and Helpers Local 107. This suit is brought against four defendants, officers of Local 107, to compel repayment by them to the union of certain attorney fees paid by the union on behalf of said officers. Local 107 has itself been allowed to intervene as a party defendant. The cause of action is based upon the Labor-Management Reporting and Disclosure Act of 1959, P.L. 86–257 (referred to hereinafter as the "Act").

A great deal of litigation has narrowed the issues in this case. (See opinion of Chief Judge Clary of March 24, 1960, D. C., 182 F.Supp. 608, affirmed 284 F.2d 162 (3d Cir. 1960).) Consequently, as we view the case at this juncture, very few issues of fact and law remain unresolved. The prior opinions were written in disposal of a motion to dismiss and in granting an injunction against future payments of legal costs of defendants.

The action was tried before this court without a jury on a brief oral statement and argument by counsel and a complete stipulation of the facts with no oral testimony.

The defendant officers were accused of misapplication of union funds in several matters. In one case they remain accused. Some of these matters are no longer before the court since Judge Clary's opinion, supra, has already ruled them out because the operative facts involved occurred prior to the effective date of the Act. The remaining matters consist of:

1. An indictment of defendants and others in the Court of Quarter Sessions upon a charge of conspiring to cheat and defraud Local 107.

2. A petition for a writ of habeas corpus attacking the indictment.

3. A civil injunction suit which was brought by the defendants to prevent the international union from carrying out an investigation of its own of the charges against defendants.

4. The present suit.

5. A petition for a writ of prohibition filed by defendants et al. asking the Supreme Court of Pennsylvania to prevent the Court of Quarter Sessions of Philadelphia from convening a special grand jury to investigate charges of criminal wrongdoing by members of Local 107, defendants, and others (in substance).

All of the above listed involve accusations of breaches of defendants' fiduciary duty toward the union or defendants' attempts to refute such accusations. Four of these matters involve only defendants' alleged personal wrongdoing and are not directed at all toward the union. The fifth one involves, in substance, accusations against the union as well as against the defendants personally for alleged acts done to the union and to others. It is reasonable to say that the union received a benefit from the granting of the writ of prohibition and the stopping of the special grand jury investigation. It is also reasonable to say that the union may well have been harmed by the granting of the writ since it may have developed that wrongful acts against the union itself had been perpetrated by defendants. The special grand jury matter was not before the court when plaintiffs obtained the preliminary injunction in this case.

Attorney fees in the amount of $24,-921.41 were paid by the union to cover bills presented by defendants' attorneys for services rendered in defense of the officers. None of the payments were received for benefits conferred on the union. Such payments would have constituted a breach of legal ethics if retained in matters where the union and defendants had conflicting interests. All the attorneys were completely ethical at all times.

The attorneys who represented defendants billed them in a manner which makes it difficult to determine how much money was allocated to any one matter. Moreover, in the special grand jury proceeding, it is impossible to allocate amounts to union benefit as opposed to benefits to defendants and others. Because of the applicable law, however, it is unnecessary to make any allocation of fees.

On July 3, 1961 the International Union amended its constitution to authorize payment of all legal expenses on behalf of officers accused in criminal proceedings or in civil suits if certain procedures are followed. The resolution of Local 107, which was adopted on September 20, 1959, meets the requirements of the new constitutional provision. This same resolution was declared invalid by Judge Clary as unauthorized by the constitution in effect on March 24, 1960.

This court is bound by the law of this case established by Judge Clary's opinion and by the opinion of the Court of Appeals for this Circuit, supra. Defendant urges that while the Local 107 resolution was *ultra vires* when these opinions were written, it has subsequently been validated by an amendment to the constitution of the international union. This view is all right as far as it goes, but it completely disregards the statement in 284 F.2d at page 164 which says that the resolution was "invalid because it authorized action beyond the powers of the union as derived from its constitution *and was inconsistent with the aims and purposes* of the Labor-Management Reporting and Disclosure Act. * * *" (Emphasis supplied)

"Our own examination of the record and the 1959 Act satisfies us that under the facts the district court here has acted in complete accord with the letter and spirit of the Labor-Management Reporting and Disclosure Act."

This clearly establishes the Act as the primary basis for prohibiting payment of defendants' attorney fees. Judge Clary was merely adding another string to his bow in holding the payments to be *ultra vires*. Assuming that string was broken by the constitutional amendment, without any doubt the Act itself is sufficient reason for requiring defendant to repay the money in question. As Judge Clary said (182 F.Supp. at pages 620, 621):

"There is a further reason why the present Resolution is no defense here. Aside from its validity under Pennsylvania law, it is inconsistent with the aims and purposes of the Labor Management Reporting and Disclosure Act and violates the spirit of that Act. A stated purpose of the Act is 'to *eliminate* * * * improper practices on the part of labor organizations * * * and their officers'. (Emphasis added).

To allow a union officer to use the power and wealth of the very union which he is accused of pilfering, to defend himself against such charges, is totally inconsistent with Congress' effort to eliminate the undesirable element which has been uncovered in the labor-management field. To allow even a majority of members in that union to authorize such action, when, if the charges made against these defendants are true, it is these very members whom the officers have deceived, would be equally inconsistent with the Act. If some of those members have not been deceived by the defendants, but because of the immediate gains in their income and working conditions which Local 107 has won for them, they are content to accept as officers anyone who produces immediate results, regardless of what other wrongs those officers may commit in so doing, this Court would still not feel constrained to bow to their will in the light of its duty both to those members of Local 107 who place honesty above material gain as well as to the millions of others in the labor movement whose cause would be seriously injured by such an attitude."

■ Consequently, all payments made on behalf of defendants in the first four matters in question must be repaid to the union.

■ Defendants urge that this court should allocate a portion of the money in question to the special grand jury activities of their attorneys. The theory is that since the union benefited the union has a right to pay for the benefit received. Conceding the benefit, it is not difficult to dispose of this contention. The same reasons which invalidate the other payments invalidate this one. The Act seeks to prevent exploitation of the union by union officers and by an unscrupulous majority. How can the salutary effect of the Act be attained by this court if payment of defendants' legal costs are paid in any case where officers are charged with acts inimical to the union? The union could secure its own legal representation and pay therefor from the union treasury. If defendants and an unprincipled majority of the union members are allowed to mix a defense of the union with a defense of those charged with looting the union, assuming the charges are true, the Act would be emasculated. Any statements seeming to support defendants' position which appear in the preliminary injunction opinion are actually directed to the *ultra vires* issue and to the construction of Pennsylvania law.

One problem remains. Defendants claim that any fees allocable to the criminal proceedings pending in Philadelphia are properly payable to defendants if they are exonerated, and that an order to repay now is premature. This position presupposes that a determination of exoneration is not only possible but that it is likely to occur, if at all, in the near future. We do not decide whether defendants may or can be exonerated, or whether exoneration authorizes the union to indemnify them. There is no reason to decide this now. The record shows nothing like exoneration to date. Defendants have been paid money, or received benefits, which they must return to the union. The money was improperly paid in the first instance, as above decided. Since the facts have not changed, there is no reason to delay repayment. Defendants should not be allowed to use union funds to assist them in their defense.

Plaintiffs are entitled to judgment in the sum of $24,921.41. The above discussion of the facts and of the law constitutes findings of facts and conclusions of law of this court.

### ORDER

And Now, this fifth day of April, 1963, in accordance with the foregoing opinion and the findings of fact and conclusions of law therein contained, It Is Ordered, Adjudged and Decreed that judgment be, and the same is, hereby entered for the plaintiffs herein and against the defendants in the sum of $24,921.41.