614

HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL 107, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, by Thomas Graham, et al.

v.

Raymond COHEN, Joseph E. Grace, Edward Battisfore and Edward Walker.

Civ. A. No. 27053.

United States District Court
E. D. Pennsylvania.

June 26, 1963.

Edward B. Bergman (of Solo, Bergman & Trommer), Philadelphia, Pa., for plaintiffs.

Abraham J. Brem Levy (of Dash & Levy), Philadelphia, Pa., for defendants.

BODY, District Judge.

Plaintiffs, Trustees ad litem, filed the within motion to enjoin payment of any money by the defendant-intervenor, Highway Truck Drivers and Helpers, Local 107, to any of the individual defendants.

This Court entered a judgment in the sum of $24,921.41 in favor of the Union against the individual defendants, 215 F. Supp. 938. However, a motion for new trial has been filed by the defendants but the argument thereon has not been heard by this Court. The pendency of the motion for a new trial is not here controlling, and the question of the finality of a judgment is not involved.

It is first alleged that defendants Raymond Cohen and Edward Walker currently receive salaries as Union officers. They are still engaged in criminal actions defending themselves in the Courts of Pennsylvania. The conclusion plaintiffs would have the Court reach is that defendants Cohen and Walker are therefore using Union funds, in the form of their salaries, in defense of criminal actions. Further, plaintiffs point to the statement of the rule in my previous opinion to the effect that "union funds" cannot be paid to assist in the defense of the current criminal actions since in those actions defendants are charged with acts inimical to the Union's welfare.

Secondly, plaintiffs contend, and Union does not deny it, that since the Union has taken no action to collect the judgment, which collection would be in the best interest of the Union, this Court should aid the plaintiffs in securing collection. Unless the Union takes some

action now, we are told that it may become unlikely, or perhaps impossible to collect the judgment.

Rather than making assumptions not warranted by the present record and leaving aside the question of whether defendants' salaries are "union funds", I prefer granting the relief sought on the second ground.

 In that regard, it is clear that the Labor-Management Reporting and Disclosure Act of 1959, P.L. 86–257, 29 U.S.C. 401, permits duly established representatives of a minority of a union, to enforce rights of the union as a whole despite the wishes of the majority. No strain is placed on the law of this case by applying this basic proposition to require the Union to use its best efforts and all means available to collect the judgment. It has been determined that money is owed by employees to the employer. The fact that they are officers is of no consequence.

There is no execution involved here. This is merely an injunction in aid of collection based upon the right of a judgment creditor to set off claims owed it by the judgment debtor. The Union chooses to neglect this right, as it sought to disregard its rights in the first place by wrongfully paying counsel fees for defendants.

 This Court must secure and protect the benefits of the Labor Management Reporting and Disclosure Act, supra, by fashioning suitable law in accordance with the intent of Congress. See the Opinion of my Brother Clary, Chief Judge, in this very case, D.C., 182 F.Supp. 608 at page 617. Granting the relief sought is the proper way to secure and protect plaintiffs' rights.

Since collection of the judgment of $24,921.41 is what is sought, defendant-intervenor will be allowed to accept a bond with surety sufficient to secure payment of judgment, interest and costs by defendants; otherwise a mandatory injunction will issue forthwith and remain in full force and effect until the judgment is satisfied. A bond in the sum of $30,000.00 approved by this Court will be deemed sufficient to secure the payment of judgment, interest and costs.

A form of order may be submitted by plaintiffs.