HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL 107, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, by Thomas Graham, et al., Trustees ad litem

v.

Raymond COHEN, Joseph E. Grace, Edward Battisfore and Edward Walker.

No. 27053.

United States District Court
E. D. Pennsylvania.

Aug. 21, 1963.

See also 219 F.Supp. 614.

Abraham J. Brem Levy, Philadelphia, Pa., for plaintiff.

Edward B. Bergman, Richard H. Markowitz, Philadelphia, Pa., for defendants.

BODY, District Judge.

Judgment for the plaintiffs was entered in this case on April 5, 1963 against Raymond Cohen, Joseph E. Grace, Edward Battisfore and Edward Walker, defendants herein, in the amount of $24,-921.41. (Opinion filed April 5, 1963, D.C. 215 F.Supp. 938.) Earlier in the case an injunction was obtained restraining defendants from using any Union funds in defense of certain criminal actions in the courts of Pennsylvania, and in other legal proceedings wherein defendants were charged with acts inimical to the interest of the Union. (Opinion by Clary, J., D.C. 182 F.Supp. 608 (1960).)

## MOTION FOR DISCOVERY

On April 29, 1963 counsel for plaintiffs filed a motion for counsel fees and expenses pursuant to § 501(b) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. (Act). After this motion was pending for more than a month, on June 2, 1963, and three days before argument on the motion scheduled for June 6, 1963, the Union filed a motion for discovery.

This discovery motion, based on Rule 43(e) F.R.Civ.P., and the brief and oral argument of counsel in support thereof, assert that the question of the amount of counsel fees due plaintiffs' counsel cannot properly be decided on the existing record. Counsel for the Union seems to assume that this Court will decide what the proper amount shall be by considering matters dehors the record.

Rule 43(e), F.R.Civ.P. states:

"When a motion is based on facts not appearing of record * * * the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions."

In disposing of plaintiffs' motion for counsel fees and expenses, this Court will rely upon:

(1) The affidavits of counsel not submitted on this issue but bearing upon it.

(2) Stipulations of record.

(3) Time spent and explanation thereof by plaintiffs' counsel as revealed by the record.

(4) The dollar amount of the recovery effectuated by plaintiffs' counsel.

(5) The fact an injunction was obtained by plaintiffs' counsel which prevented some further loss to the Union.

(6) The entire benefit created for the Union.

These elements are obviously all a part of the record. Therefore, the rule does not apply to the instant situation.

In addition, the rule is permissive and not mandatory in that it states that the court " * * * may hear the matter on affidavits * * * ". The motion for discovery is denied.

## MOTION FOR COUNSEL FEES AND EXPENSES

The motion filed and sworn to by counsel sets forth in detail the legal services performed and the expenses incurred in this litigation. The primary issue was the enjoining of further expenditure of funds of the treasury of Local 107 to pay for the counsel fees of the defendants Cohen, Grace, Battisfore and Walker in defending themselves against charges that they had defrauded the Union. At a meeting of the Union on September 20, 1959 a resolution was adopted authorizing payment of counsel fees.

My Brother Clary, Judge (now Chief Judge), on March 24, 1960 held that the resolution was invalid and thereafter the Court of Appeals affirmed this decision. (284 F.2d 162 (3d. Cir. 1960).) The same order enjoined and restrained the four defendants from further using funds of Local 107 to pay for any legal fees in defense of civil or criminal actions aris-

ing out of the alleged misuse of Local 107's funds. The Supreme Court of the United States has denied the petition of the same defendants for a writ of certiorari. (365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961).)

At the time of the first hearing the total sum of $24,921.41 had been paid out of the Union treasury for legal fees and expenses, and a further bill was rendered by the same counsel for $72,354.41. In addition, other legal fees were in contemplation but Judge Clary's order prohibited Union funds for this purpose. The grand total of the above is $97,275.82.

After trial without jury a verdict was entered in favor of the plaintiffs and against the defendants Cohen, Grace, Battisfore and Walker for the said $24,921.41. After argument the motion for a new trial was denied and this phase of the case has now been appealed to the Court of Appeals.

Since the entry of said award a petition was filed by the same counsel in the identical suit to restrain the Union from paying Messrs. Cohen and Walker their respective wages or salaries. After hearing and argument I granted the injunction restraining the payment unless a bond of $30,000.00 was entered by Messrs. Cohen and Walker with proper surety. Bond with corporate surety was duly filed and approved. An appeal has been taken in this phase of the suit to the Court of Appeals.

§ 501(b) of the Act states *inter alia:*

" * * * The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation."

The controlling words in this case are "a reasonable part of the recovery." Did Congress intend this phrase to be narrowly construed to mean that a part of the money recovery effectuated and no other benefits conferred should be considered "recovery"? We think not for otherwise what would be the inducement to the speedy prosecution of an action? An attorney should not be penalized for seeking a timely injunction under the Act in order to prevent large unlawful expenditures by the Union.

■ Most important, "recovery" in the common meaning of the term means more than money. It means anything of value, as when one says he "recovered" his overcoat which was stolen. Webster's New International Dictionary, 2d. Edition, says that a "recovery" is a "Means of restoration, remedy, cure." Recovery, therefore, must include the entire remedy effectuated and thus encompasses the total benefit conferred upon the Union through the efforts of counsel.

■ Further, it must be said that recovery does not contemplate a final judgment after all appeals have been ultimately determined. It would have been legally proper to ￫make a finding at the time that the motion for a new trial was denied.

Even though all matters except Judge Clary's order are on appeal to the Court of Appeals, it is legally proper and judicially appropriate for me to pass judgment now. The section says that "The trial judge *may* allot a reasonable part of the recovery * * *". The writer of this opinion was that trial judge.

It is difficult and also undesirable to fix and establish a fee for work to be done in the future for one or both appeals may be withdrawn. The Court of Appeals may reverse completely or reverse with a procedendo. There may be executions for non-payment of judgments. In short, it is pure speculation as to the services to be performed by counsel in the future.

However, the petition is before me and therefore I should and have reviewed all the legal services performed to date.

It is my opinion that the work performed by counsel has been well and care-

fully done. The litigation was of a most complex nature and one without precedent under the Act. Up to this writing it has been successful. So that the responsibility of counsel was of the highest degree and the desired result of the client was achieved.

 Although counsel has submitted a work sheet and detailed account of time in hours spent in the matter as of April 22, 1963, I do not consider that as controlling, or perhaps better said, determinative of what the fee should be, for the work of a lawyer is not comparable to the work of an artisan such as a plumber, or a bricklayer, or the like, where the time clock approach is controlling. Many times the final and winning decision of the lawyer as to what should or should not be done is not made at his desk or in his library but when he is elsewhere. The conscientious lawyer's mind is never at rest but works on and on until he arrives at what he thinks should be done.

Counsel for plaintiffs states that about $150,000.00 in legal fees would have been paid by the Union for the defendant officers but for the injunction which he obtained. The figure is determined through an examination of fees actually paid by the defendants subsequent to the injunction. The Union may or may not have paid any or all of these fees. Thre is no question the Union wanted to pay some or all of them since otherwise the resolution authorizing payment, which has been held invalid, would not have been passed; nor would the Union and the defendants have argued so strenuously for its validity.

However, there is no question that the obtaining of the injunction in the first instance, and the sustaining of it on appeal, are a part of the benefit in and of itself without regard to any specific monetary amount. Through this recovery the Union was foreclosed from paying counsel fees for defendants now or in the future under similar circumstances. The nature of the right secured is the paramount consideration.

In addition, a specific dollar benefit of $24,921.41 has here been recovered by the verdict. Also, weight will be given to the fact that this case is one of first impression and required more than usual efforts and skill on the part of counsel. An additional element of the award is the expenses incurred by the Trustees.

From all of the above and a careful review of this entire case I think that the Union has benefited although up to date there has been no money paid. The fact of benefit is enough. Holthusen v. Edward G. Budd Mfg. Co., D.C. 55 F.Supp. 945, (1944).

 Under all the facts and circumstances as above discussed, I determine a reasonable fee to be $38,000.00. In addition, I will award reimbursement of expenses of $470.90.

The above opinion shall constitute the necessary findings of fact and conclusions of law required in this case.