KATHRYN F. KELLEY *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY (and six companion cases[1]). February 2, 1978. The appellants were attending a course of practical nursing at the Tewksbury State Hospital and were barred from working during the first term of the course. Six of the appellants left work voluntarily to attend the course; the seventh entered the nursing program three days after her separation from employment. The appellants were not "available for work" (G. L. c. 151A, § 24 [*b*]), and, therefore, were ineligible for benefits under the Employment Security Law (G. L. c. 151A), unless they qualified for an exemption from the requirement of availability. Section 24, as amended through St. 1973, c. 899, § 1, provides that a person "shall be deemed to be available for work under clause (*b*) of the first paragraph of this section" if the individual "is certified as attending an industrial retraining course or other vocational training course as provided under section thirty. . . ." Section 30 of c. 151A, as amended through St. 1959, c. 588, provides for certification of an individual "as attending an industrial retraining course provided by the department of education of the commonwealth in a vocational school of the commonwealth or a political subdivision thereof or *such other vocational training course which in the opinion of the director will serve as a means of realizing employment*" (emphasis supplied). The appellants were denied benefits at all stages of the administrative process before the Division of Employment Security (agency). They petitioned for judicial review under G. L. c. 151A, § 42, and a judge of a District Court affirmed the decisions of the board of review. There was no error.

The director argues that certification under § 30 relates to retraining, only in the sense that attendance of such a program is necessary to enable a person to find work other than in his usual and customary occupation. The agency's interpretation of the Legislature's intention is entitled to consideration in construing § 30. *Baker Transp., Inc.* v. *State Tax Comm'n,* 371 Mass. 872, 877 (1977).

None of the appellants showed a need for further training to obtain employment, and hence the director certainly did not abuse his discretion in failing to certify any of the appellants under § 30 as attending a voca-

[1] The seven appeals are presented on a consolidated report.

tional training course which served "as a means of realizing employment." Any change in the law must be made by the Legislature. Such a modification may not be easily attainable by persons in the position of the appellants, because the Legislature has recently amended § 30 to reaffirm the intention we see expressed in § 30 prior to its amendment. See St. 1976, c. 473, § 11, which is inapplicable to these cases. See St. 1976, c. 473, § 20.

The appellants have failed to show that the classification made by § 30 between (a) retraining courses provided by the Department of Education in a vocational school and (b) other vocational training courses is irrational or a denial of equal protection of the laws. In any event, the statute calls for the certification of individuals, not of programs. In this respect, the appellants have failed to demonstrate that they have been classified irrationally. See *Commonwealth* v. *Petralia*, 372 Mass. 452, 459 (1977), *Keough* v. *Director of the Div. of Employment Security*, 370 Mass. 1, 5-6 (1976). The appellants fail to recognize that the burden of demonstrating arbitrary or unconstitutional action is on them. The agency had no duty to present evidence or make findings concerning statutory classifications, at least until an applicant presented evidence to show that those classifications were arbitrary, irrational, or otherwise impermissible. No such evidence was presented before the agency.

Substantial evidence supported the agency's application of the statute. The agency's decisions met the requirements of G. L. c. 30A, § 11 (8); each disclosed the reasons for the result reached.

*Decisions of the District Court affirmed.*

*Madeline McLaughlin Neilon* for the plaintiffs.
*Frank J. Scharaffa*, Assistant Attorney General, for the defendant.