**INDUSTRIAL PROCESS EQUIPMENT INC., Plaintiff,**

v.

**LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendant.**

Civ. No. 84–0200 P.

United States District Court,
D. Maine.

Feb. 14, 1985.

---

Gerald F. Petruccelli, Petruccelli, Cohen Erler & Cox, Portland, Me., for plaintiff.

John S. Whitman, Richardson Tyler & Troubh, Portland, Me., for defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT

GENE CARTER, District Judge.

This case is before the Court on Defendant's Motion to Set Aside Entry of Default. The Court recited the pertinent facts in a previous Memorandum of Decision:

This action to recover for alleged breach of a liability insurance contract was commenced by Plaintiff in the Superior Court of the State of Maine. The action was removed to this Court by Defendant. Jurisdiction is founded on diversity of citizenship. On July 2, 1984, the Hon. D. Brock Hornby, United States Magistrate, issued a Report of Scheduling Conference which was held on July 25, 1984. The Magistrate stated in his Report that Defendant "shall amend its answer by August 24, 1984." Defendant had pleaded "insufficient knowledge upon which to base a belief as to the truth" of Plaintiff's allegation that Defendant had provided insurance coverage to Plaintiff in the form of two specifically identified policies. The parties concur that Defendant agreed to amend its Complaint to admit Plaintiff's allegation, and it was this amendment that was ordered by the Magistrate in his Report of Scheduling Conference on July 26, 1984.

On November 6, 1984, Plaintiff moved "that the Court enter a default on all liability questions or enter any alternative appropriate sanction" for the Defendant's failure to amend its Answer in accordance with the Magistrate's Order. On November 26, 1984, the Magistrate endorsed the motion as follows:

The defendant having failed to object, objection is deemed waived. See Local Rule 19(c). The defendant has also failed to comply with this court's Order of July 26, 1984. Accordingly, the defendant's default shall be entered as to questions of liability.

On November 27, 1984, Defendant filed an Objection to Plaintiff's Motion for Default and an Amended Answer and Jury Demand.

Memorandum of Decision, Carter, J., January 4, 1984.

■ Under Fed.R.Civ.P. 55(c), the Court may set aside an entry of default "for good cause shown." The determination of whether entry of default should be set aside is to be based primarily upon three considerations: (1) the excuse or explanation for the default; (2) the existence of a meritorious defense to the action; (3) the existence of any substantial prejudice to the party in default. *Phillips v. Weiner*, Civil No. 84–0257–P, 103 F.R.D. 177 (D. Me. Oct. 11, 1984).

■ The "default" in this case was Defendant's failure to comply with the Court's order that it amend its complaint by August 24, 1984. Plaintiff moved for entry of default on November 6, 1984, and the motion was granted pursuant to Local Rule 19(c) because Defendant failed to timely object to the default. Now, in support of the Motion to Set Aside the Entry of Default, Defendant's counsel gives reasons—a vacation and illness—for his failure to timely respond to the motion of November 6, 1984. He offers no explanation, however, for the period of delay extending from the Court-imposed deadline of August 24, 1984, to November 6, 1984, the date Plaintiff moved for entry of default.

The inquiry into the existence of a meritorious defense is made in order "to determine whether there is some possibility that the suit will have an outcome different from the result achieved by default."

*Phillips*, at 181. In this case there are two disputed issues regarding Defendant's responsibilities under a liability insurance policy it sold to Plaintiff. Industrial Process Equipment, Inc., Plaintiff in this case, was a defendant in a products liability action in a Maine state court, which was ultimately settled. Industrial Process alleges here that Lumbermen's Mutual Casualty Company, Defendant in this case, wrongfully refused to provide a defense to Industrial Process and now refuses to indemnify Industrial Process for the amount of the settlement.

Defendant argues that the policy did not provide coverage for the liability incurred by Industrial Process in the products liability case. Defendant asserts that the policy excluded coverage for bodily injury occurring away from the named insured's premises, after the product sold by the insured had been put to its intended use by another person. In the accident which generated this litigation, Mr. Chadbourne, the plaintiff in the state court action, allegedly was injured away from the premises of Industrial Process. These facts, if true, suggest that there is a meritorious defense with respect to the coverage claim. Therefore, the Court will set aside entry of default with respect to the coverage claim.

A different analysis applies to the question whether Defendant had a duty to defend Plaintiff in the state court action. The Maine Supreme Judicial Court set forth the test as follows:

> In order for the duty of defense to arise, the underlying complaint need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage. There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage. Moreover, where there is an ambiguity in the language of the policy, the doubt should be resolved in favor of finding that the insurer has a duty to defend the insured.

*Union Mutual Fire Insurance Co. v. Inhabitants of Topsham*, 441 A.2d 1012, 1015 (Me.1982).

Application of this test requires a comparison of the insurance policy and the complaint in the underlying action. *See Horace Mann Insurance Co. v. Maine Teachers Association*, 449 A.2d 358, 360 (Me.1982). Neither document has been submitted for the Court's consideration in this case. Nor have the parties made any representations about the claims made in the complaint in the underlying action. In this motion by Defendant to set aside default, Defendant has the burden of presenting some factual basis for a meritorious defense. *See Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir.1969). Here, Defendant has failed to either submit the documents necessary to evaluation of the duty to defend claim or to allege facts indicating that a meritorious defense to that claim exists. Defendant has made no showing of a meritorious defense with respect to the duty to defend claim. Accordingly, judgment by default will be entered against Defendant on the issue of Defendant's liability for failure to defend Plaintiff in the underlying action. The issue of the extent of damages will be determined at trial.

With respect to the question of prejudice to Plaintiff caused by Defendant's delay, Plaintiff asserts it has incurred additional attorneys' fees in its efforts to compel compliance with the Court's order in this case and that it has diverted the company's resources from more productive activities. Because the Court has already determined that Plaintiff shall prevail on its motion for default with respect to Defendant's liability for failure to defend, it is unnecessary to impose the further sanction of attorney's fees. However, as compensation for the delay in the progress of litigation caused by Defendant's noncompliance with the Court's Order, the Court will impose a sanction against Defendant in the amount of $300.

In accordance with the foregoing Memorandum, it is hereby ORDERED that:

(1) Default shall be entered against Defendant with respect to the question whether Defendant had a duty to defend Plaintiff in a civil action filed in Superior Court, County of Cumberland, State of Maine, Docket No. CV–82–273;

(2) In all other respect, Defendant's Motion to Set Aside Default is hereby *GRANTED;*

(3) Defendant shall pay to Plaintiff as sanction for delay of this litigation the sum of Three Hundred Dollars ($300.00) within ten (10) days of the date of this Order.

So ORDERED.