J. ROGER CICCHESE & another[1] *vs.* TAPE TIME
CORPORATION & others.[2]

No. 89-P-283.

Suffolk. October 5, 1989. - November 22, 1989.

Present: BROWN, KAPLAN, & PERRETTA, JJ.

*Practice, Civil*, Default, Relief from judgment. *Judgment*, Default, Relief
   from judgment.

A Superior Court judge properly refused to set aside an entry of default
   against the defendants in a civil case for failure to answer the com-
   plaint, where the defendants waited nine months before attempting to
   file an answer and nearly six months to respond to the entry of default,
   and where the defendants failed to file an affidavit asserting either a
   reason for the default or the meritorious nature of their defense [74-
   75]; furthermore, in the circumstances, the judge properly declined to
   conduct an evidentiary hearing on the matter [75].
In a civil action, no error appeared in the judge's denial of the defendant's
   motions to vacate the judgment or to amend the judgment. [75-76]


CIVIL ACTION commenced in the Superior Court Depart-
ment on April 14, 1987.

A motion to vacate judgment of default was heard by *John
Paul Sullivan*, J., and a proceeding for assessment of dam-
ages was heard by him.

The case was submitted on briefs.

*John F. Doyle* for the defendants.

*Gwen Bloomingdale* for the plaintiffs.

BROWN, J. On May 16, 1986, the plaintiffs entered into a
contract with a publisher for production of six books on audi-
otape cassette. The contract required the plaintiffs to produce
1,100 copies of each of the audiobooks within twelve weeks
after production began.

---

[1] Janet Cicchese.

[2] Raymond Fournier and Stella Manning.

In anticipation of the audiobook contract, J. Roger Cicchese met with Fournier, the president of Tape Time Corporation, a tape duplicating service, to discuss provision of audiotape reproduction services. Eventually, Cicchese and Fournier agreed that Tape Time would provide studio time for preparation of master tapes and would produce and label the 6,600 tape duplicates.

Work began on August 4, 1986. By October 1, 1986, the last book had been approved for duplication. On November 7, 1986, however, only the first two books were ready for collation and shipment. On December 10, 1986, Fournier assured the plaintiffs that the remaining books would be ready in "three to four weeks." By April 14, 1987, when this action was filed, Tape Time still had not completed duplicating the audiobooks.

In their complaint the plaintiffs alleged breach of contract, deceit, interference with contractual relations, misappropriation of funds advanced for tape labels, and violation of G. L. c. 93A. The court approved a $100,000 attachment of the defendants' property that same day. On May 4, 1987, at the request of the defendants' attorney, the plaintiffs' attorney assented to a thirty-day extension of time for the defendants to file their answer. June 4 came and went with no response from the defendants. On June 18, and again on June 25, 1987, the plaintiffs moved for entry of default judgment. Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974). The defendants were defaulted on August 4, 1987 (see Mass.R.Civ.P. 55[a], 365 Mass. 822 [1974]), and notice of the default was sent to the parties that same day.

On January 15, 1988, the court notified the parties that a hearing for assessment of damages had been scheduled for January 25, 1988. On January 25, 1988, the defendants, for the first time, moved "for cause" and "due to excusable neglect" to remove default, to vacate judgment, and to allow the late filing of an answer. The motion was unsupported by affidavit. The court denied the defendants' motion on January 25, 1988. Between January 25 and 27, 1988, the court conducted a hearing on damages at which both defendants testi-

fied. Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974). On February 23, 1988, the trial judge filed a memorandum of decision, finding the defendants liable on all counts save for interference with contractual relations. The judge assessed $21,772 damages against the defendants for breach of contract, he assessed no damages for deceit or misappropriation of funds, and he declined to assess multiple damages under G. L. c. 93A. Judgment was entered on March 4, 1988. On March 14, 1988, the defendants moved to amend judgment. Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974). The court denied the motion without hearing on November 28, 1988.

On appeal, the defendants argue that the trial judge erred in refusing to remove the default and refusing to amend the March 4, 1988, judgment. There was no error.

1. *Motion to remove default.* Rule 55(a) of the Massachusetts Rules of Civil Procedure provides that a defendant failing to answer a complaint in timely fashion shall be defaulted. Rule 55(c) provides that the court, for good cause shown, may "set aside an entry of default."[3] The decision on a motion to remove default is addressed to the sound discretion of the trial judge and will not be reversed on appeal save for abuse. *Burger Chef Syss., Inc.* v. *Servfast of Brockton, Inc.,* 393 Mass. 287, 289 (1984).

Although default is an extreme sanction, "reluctantly imposed," *Kenney* v. *Rust,* 17 Mass. App. Ct. 699, 703 (1984), nevertheless, a party may not flout the twenty-day filing deadline of Mass.R.Civ.P. 12(a)(1), 365 Mass. 754 (1974), merely because it is considered preferable for courts to enter judgments after trial on the merits. See *Kenney* v. *Rust, supra.* In denying relief, the trial judge properly could consider: (1) the length of time the defendants waited to answer

---

[3]The trial judge, in denying the defendants' motion to remove default, applied the "excusable neglect" standard for vacating a default judgment, see Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), rather than the more lenient "good cause" standard for removing a default. See *MPV, Inc.* v. *Department of Revenue,* 26 Mass. App. Ct. 932, 932-933 (1988), and cases cited. The defendants in this case have demonstrated neither "good cause" nor "excusable neglect" justifying relief. See, e.g., *Madsen* v. *Bumb,* 419 F.2d 4, 6 (9th Cir. 1969).

(nine months) and to respond to the entry of default (nearly six months); and (2) the failure of the defendants to file an affidavit asserting either a reason for the default or the meritorious nature of their defense. See *Burger Chef Syss., Inc.* v. *Servfast of Brockton, Inc.*, 393 Mass. at 289 & n.4.[4] See also *Mullen Lumber Co.* v. *F. P. Assocs.*, 11 Mass. App. Ct. 1018, 1019 (1981); *Kenney* v. *Rust*, 17 Mass. App. Ct. at 702.

The defendants argue that the trial judge erred in requiring an affidavit when they appeared at the hearing prepared to testify. Notwithstanding the language of Mass.R.Civ.P. 43(e), 365 Mass. 807 (1974), the provision for a hearing under rule 43(e) is discretionary. See *Murray* v. *Kunzig*, 462 F.2d 871, 878-879 (D.C. Cir. 1972), *revd. on other grounds*, 415 U.S. 61 (1974); *Highway Truck Drivers & Helpers Local 107* v. *Cohen*, 220 F. Supp. 735, 736 (E.D. Pa. 1963). See also 9 Wright & Miller, Federal Practice & Procedure § 2416 (1971). Where, as here, the defendants alleged neither a reason for defaulting nor facts supporting their claim of a meritorious defense, see *Old Colony Bank & Trust Co.* v. *Tacey Transport Corp.*, 10 Mass. App. Ct. 825, 826 (1980); *Carignan* v. *United States*, 48 F.R.D. 323, 325 (D. Mass. 1969), the trial judge was not required to conduct an evidentiary hearing. *Murray* v. *Kunzig, supra.* See also Smith & Zobel, Rules Practice § 55.8 (1977) ("A defendant, trying to set aside a default . . . must, in any event, accompany his motion with an affidavit setting forth the facts and circumstances [including the nature of his defense on the merits] upon which he rests his motion").

2. *Motion to amend judgment.* By placing reliance on the trial judge's determination that the plaintiffs' claim for interference with contractual relations lacked merit, the defendants assert that the judge thereby was required to allow their postjudgment motion to vacate. Even assuming that the judge's ruling demonstrated that the defendants' defense was

---

[4] The interpretation given to a Federal rule may be applied to its Massachusetts counterpart. *Burger Chef Syss., Inc.* v. *Servfast of Brockton, Inc.*, 393 Mass. at 289 n.3.

meritorious (but see *Industrial Process Equip. Inc.* v. *Lumbermen's Mut. Cas. Co.,* 104 F.R.D. 577, 579 [D. Me. 1985] [meritorious nature of defense to one claim of a multi-claim action does not justify removal of default on other claims]), where, as here, the defendants failed to explain their delay in answering the complaint, the judge was not obliged to vacate the default judgment. See *Taylor* v. *Boston & Taunton Transp. Co.,* 720 F.2d 731, 733 (1st Cir. 1983). Whether the defendants did explain why they delayed answering the complaint at the hearing on damages, we have no way of knowing, as they have filed neither a transcript of that hearing nor a statement of proceedings under Mass.R.A.P. 8(c), as amended, 378 Mass. 933 (1979). In these circumstances, we cannot assume that the trial judge erred in refusing to vacate the judgment. *Kunen* v. *First Agricultural Bank,* 6 Mass. App. Ct. 684 (1978). See also *Madsen* v. *Bumb,* 419 F.2d 4, 6 (9th Cir. 1969).

The trial judge also did not err in denying the defendants' motion to amend the judgment against the individual defendants or in ruling that the defendants "technically" misappropriated funds advanced by the plaintiffs. Both assertions of error attack the judge's findings on liability. The defendants' liability was established by the entry of default, and those claims of error are therefore foreclosed at this stage of the proceedings. *Plasko* v. *Orser,* 373 Mass. 40, 43 (1977). *Productora e Importadora de Papel* v. *Fleming,* 376 Mass. 826, 833 (1978). *Dundee Cement Co.* v. *Howard Pipe & Concrete Prod.,* 722 F.2d 1319, 1323 (7th Cir. 1983). See also 6 Moore's Federal Practice § 55.03[2] (2d ed. 1987).

> *Judgment affirmed, with*
> *double costs.*