Sikora, Mitchell J., J.
RULINGS
Upon consideration of all motions and opposition materials, the court hereby ALLOWS the motion of third-pariy defendant Frederick H. Perrault to remove default on the third-party complaint by L. Perrina Construction Co., Inc.
REASONING
Facts
The Superior Court docket sheet, the affidavit materials, and the memoranda of law establish the following undisputed procedural events. On or about December 15, 2005, the third-pariy plaintiff, Perrina Construction Company, served Frederick Perrault with an amended third-pariy complaint. Mr. Perrault delivered that pleading to his attorney Daniel P. Murphy on December 16. Attorney Murphy consulted with his client, examined documents, and communicated with opposing counsel. He began the preparation of an answer. He set the date for filing of the answer at January 5, 2006. The actual deadline was January 3 or 4.
On January 4, 2006, counsel for Perrina Construction filed in the Superior Court a request for default. The request arises under Mass.R.Civ.P. 55(a). Counsel for Perinna Construction did not explicitly cite or invoke the rule. In fact, Perrina Construction sought a default on the twentieth day from the time of service. Note that the 20-day interim included the Christmas and New Year holiday season.
On the following day, January 5, 2006, the clerk entered the Rule 55(a) default.
Also on January 5, attorney Murphy mailed the answer of Frederick Perrault to the court. It appears to have arrived on January 6, Friday. On Monday, January 9, the clerk returned it to his office with notice of the default.
On January 9 or 10, attorney Murphy called counsel for Perrina Construction Company and requested an assent to the removal of the default. On January 10, counsel for Perrina notified attorney Murphy by telephone voice mail message that they would not assent to a motion to remove the default.
Consequently, attorney Murphy has submitted a formal motion to the court. His total motion papers consist of (1) a motion of less than a page; (2) a supporting memorandum of law of six pages accurately summarizing the standards for discretionary allowance of removal of the default with appropriate citations, and summarizing facially substantial defenses of Mr. Perrault to the Perrina Construction Company third-party complaint; (3) a two-page supporting affidavit from Mr. Perrault with an attachment of eleven pages of contractual documents; and (4) a two-page affidavit from attorney Murphy with an attached six-page proposed answer to the Perrina complaint.
Counsel for Perrina Construction Company have filed a three-page opposition to the motion to remove default and have attached 35 pages of contractual materials and copies of their prior pleadings. The opposition does not address with any specificity the particular defenses raised in the proposed answer and in attorney Murphy’s memorandum (claims of indemnification and superseding contractual arrangements and self-defeating conduct on the part of Perrina Construction Company). The argument portion of the opposition consists of a single climactic statement that, upon the basis of earlier documents “Perrina disputes Perrault’s contention that he has meritorious defenses to Perrina’s claims and that Perrina will suffer no prejudice if the default is removed.”
Analysis I. Standards for Removal of Default Status
In support of the removal of the 55(a) default, attorney Murphy accurately discusses the standards for relief from a default judgment under Mass.R.Civ.P. 60(b). Under the leading decision construing and applying 60(b)(1), Berube v. McKesson Wine & Spirits Company, 7 Mass.App.Ct. 420, 430-31 (1979), the motion judge will examine several practical, rational criteria. They include (1) the promptness of the effort of the defaulted party to seek removal; (2) the adequacy of the statement by affidavit or otherwise of a respectable position for adjudication upon readmission to the action; (3) the timing of the neglectful conduct as either early in the litigation or late in the litigation; (4) the character of the neglectful conduct as a consciously chosen tactic or course of conduct; (5) the responsibility for the defaulting conduct in either the attorney (less serious) or the client (more serious); and (6) the degree of prejudice, if any, to the opposing party. Since the Berube decision in 1979, the Massachusetts appellate courts have reaffirmed and applied the criteria with the reminder that the law strongly favors the disposition of cases on their merits rather than by default. See Clamp-All Corporation v. Foresta 53 Mass.App.Ct. 795, 806-09 (2002); Broome v. Broome, 40 Mass.App.Ct. 148, 153 (1996); Scannell v. Ed. Ferreirinka and Irmao, LDA Lewis David and Anthony, 23 Mass.App.Ct. 465, 470 (1987); and Henderson v. D’Annolto, 15 Mass.App.Ct. 413, 425 (1983). In particular, the 60(b) decisions tend to emphasize the promptness of the reaction of the defaulted party; the ostensible merits of its position in the litigation; and degree of prejudice to the opponent. Typically the decisions respect the standard of promptness found in Rule 60(b). It requires that motions for removal of *598 default based upon mistake, inadvertence, surprise, or excusable neglect, come “not more than one year after the judgment, order or proceeding was entered or taken.” Note that here we are dealing with an inadvertent tardiness of one day.
Those standards have evolved under Rule 60(b). They apply to the removal of a default judgment Here, we are dealing with a preliminary default entered under Rule 55(a). That caliber of default applies only to the circumstance of an initial failure to “plead or otherwise defend” under the Rules of Civil Procedure. If the failure to defend persisted, the plaintiff would then proceed to seek a default judgment under Rule 55(b). Here, the third-party plaintiff Perrina Construction Company never advanced to that second stage.
Furthermore, if Perrina Construction had not received a responsive pleading or a motion and if it had proceeded to achieve a 55(b) judgment, the governing standards for removal of that judgment would arise from a Rule 55(c). That provision states that for “good cause shown the court may set aside entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b).” The decisions applying 55(c) indicate that the “good cause” standard is more lenient than the standard of excusable neglect under Rule 60(b)(1); and that the motion judge should examine the 55(c) motion for removal in light of the amount of delay caused by the default, the cause of the default, and the merits of the position of the defaulted party." See Bissanti Design/Build Group v. McClay, 32 Mass.App.Ct. 469, 470 (1992); Cicchese v. Cape Time Corporation, 28 Mass.App.Ct. 72, 75 (1989). Those decisions indicate that the 55(c) defaulted party should act promptly and should support its motion with an affidavit explaining the reasons for default and the merits of its position upon removal. The deep preference for adjudication of the merits and the aversion for disposition by default remain. Scannell 23 Mass.App.Ct. 465, 470.
These generous standards under Rule 55(c) make sense. A preliminary failure under 55(a) or even 55(b) at the early stage of litigation will be more common and more explicable (often by reason of the defendant’s inexperience with litigation or emotional resistance to litigation) and less prejudicial to the opposing pariy (by reason of the smaller amount of or the investment of time, effort, and expense at the early stages of litigation) than a late litigation lapse by a party.
Obviously, in this case, under the standards of either Rule 60(b) or the more appropriate and indulgent criteria of Rule 55(c), third-party defendant Perrault is entitled to relief. His attorney (1) reacted immediately to the news of the default; (2) presented a substantial defensive position; and (3) inflicted no prejudice upon the opposing party. Obviously, also, no conduct of guilefulness or serious fault is attributable to either the client or the attorney.
Massachusetts Litigation Mores: Civility; Rationality; Common Sense; Efficiency
Beyond the letter and purpose of the legal standards, conscientious judges and attorneys attempt to implement our litigation system with reasonable efficiency, civility, and common sense. This episode illustrates an egregious breach of those professional and cultural values. Counsel for Perrina Construction Company, a large Boston firm, has engaged in a mean-spirited and wasteful tactic. It has wasted the time and effort of an opposing attorney practicing in a small office. It has wasted the time and effort of the Superior Court. If one were to dramatize the public’s worst image of the contemporary litigator, it would employ the present scenario in which a large firm procures an instantaneous default and then stonewalls against its removal in utter disregard of the letter and purpose of the governing legal standards. The performance of the Perrina attorneys would be rich grist for the mill of a contemporary Dickens.
REMEDIAL ORDER FOR SANCTIONS
This cynical shenanigan will exact a price from its practitioners. The court will entertain a motion for an award of fees and costs from attorney Murphy. He will file and serve that application, supported by a verified itemization of the fees and costs, within ten days of the entry of the present Ruling and Order. From the date of service, counsel for Perrina Construction will have seven days for filing and service of any opposing papers.
The court will conduct a hearing upon that application on March 15, 2006. Attorney Murphy will attend. The court orders all three attorneys whose names appear on Perrina Construction Company’s opposition to the removal of default to attend that hearing. Attendance is not optional. All three attorneys shall attend.