NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-650

SYLVIE SINAPAH

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE (and a consolidated case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Sylvie Sinapah, appeals from orders and a judgment of the District Court, and an order by a single justice of this court, stemming from two separate decisions by the Department of Unemployment Assistance Board of Review (DUA). We affirm.

In the first case, DUA deemed Sinapah ineligible for unemployment benefits. Five months later, Sinapah filed a complaint for judicial review in the District Court, accompanied by a motion for leave to file a late appeal. See G. L. c. 151A, § 42 (establishing thirty-day appeal period). A judge denied Sinapah's motion, and the complaint was dismissed. Sinapah did not appeal. Instead, she filed a motion under Mass. R. Civ. P.

___

[1] The consolidated case involves the same parties.

60 (b) (6), 365 Mass. 828 (1974), to vacate the judge's order denying her request to appeal late. A different judge denied the motion, and Sinapah appealed that decision.[2]

In a second case, DUA allowed recoupment of money from Sinapah's State income tax refund because she had received benefits to which she was not entitled. A different judge denied Sinapah's petition for review and Sinapah appealed.[3] After the record was assembled for the appeal, Sinapah filed a "Motion to Impound Some Materials." The judge endorsed the motion "No action taken as file has been transferred to Appeals Court." Sinapah's request for reconsideration of that ruling was denied and she appealed. Sinapah also moved in the District Court to proceed under a pseudonym in both cases. When her motions were denied, Sinapah appealed.[4] The two appeals were consolidated in this court. Sinapah's subsequent application for a stay of the consolidated appeal was denied by a single justice, and her appeal of that order was also consolidated into this appeal.

---

[2] That appeal, from the order in Northampton Dist. Ct. No. 1645CV000252, was docketed in this court as case no. 20-P-650.
[3] That appeal, from the judgment in Northampton Dist. Ct. No. 1745CV000062, was docketed in this court as case no. 20-P-452.
[4] The appeal of the orders in no. 1745CV000062 were consolidated with 20-P-452; the appeal of the order in no. 1645CV000252 was consolidated with 20-P-650.

2

     Discussion.  1.  Rule 60 (b) motion.  In December 2016, a

judge denied Sinapah's motion to file a late appeal of the DUA's

determination of ineligibility as untimely, pursuant to G. L.

c. 151A, § 42.  In February 2020, a different judge denied

Sinapah's motion for relief from that order, stating "[t]he

Order was from a decision against the Plaintiff on 12/31/16.

Now more than 4 (four) years later, the Plaintiff once again

attempts to reverse the decision.  This lapse of time cannot be

construed as reasonable and is just another effort by the

Plaintiff to overturn a judgment she disagrees with."  Although

the judge mistakenly indicated the motion was filed four years

after the initial decision instead of just over three years

later, a lapse of three years to file the motion still cannot be

construed as reasonable in these circumstances.  See Owens v.

Mukendi, 448 Mass. 66, 77 (2006).  Accordingly, we discern no

abuse of discretion in the judge's decision.[5]  See id. at 72;

Franzosa v. Franzosa, 98 Mass. App. Ct. 179, 182 (2020).

     2.  Ineligibility.[6]  Sinapah contends that the judge erred

in affirming the DUA's decision deeming her ineligible for

---

[5] We also note that Sinapah did not request an evidentiary
hearing on the motion to vacate and it was in the judge's
discretion to deny the motion without a hearing.  See Cicchese
v. Tape Time Corp., 28 Mass. App. Ct. 72, 75 (1989).
[6] On July 19, 2017, two months after the judgment entered,
Sinapah filed an extension request to enlarge the time to file
an appeal that a judge allowed for thirty days beginning July
20, 2017.  Sinapah then filed a notice of appeal on August 18,

unemployment benefits.  Our review of the board's decision is governed by G. L. c. 30A, § 14 (7).  See G. L. c. 151A, § 42. We accord deference to the expertise of the agency and will set aside DUA's decision only if it is "unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law."  Coverall N. Am., Inc. v. Commissioner of Div. of Unemployment Assistance, 447 Mass. 852, 857 (2006).

Here, the review examiner's conclusion that Sinapah did not have work authorization, and thus was legally unavailable to work and ineligible for benefits pursuant to G. L. c. 151A, § 24 (b), was supported by substantial evidence.  To be eligible for benefits under § 24 (b), the individual must be "capable of, available, and actively seeking work."  The hearing examiner found that Sinapah "entered the United States on a J-1 Visa valid from December 23, 2013 to December 22, 2018 in a research program that was scheduled to end on February 1, 2015." Although the program was eligible for an extension, the university declined to extend the program "beyond February 1, 2015 and thus, it effectively pulled [Sinapah's] sponsorship and

2017.  Although the extension granted exceeded the judge's authority, see G. L. c. 151A, § 42; Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019), we decline to dismiss the appeal as untimely where Sinapah, proceeding pro se, adhered to the enlargement of time permitted by the judge.

4

work authorization."  Despite Sinapah's attempt to rectify the situation and obtain another sponsor, at the time of the hearing, she had not successfully procured another sponsor and thus was not authorized to work in the United States past the expiration of her program on February 1, 2015.  We thus discern no grounds for disturbing DUA's decision under G. L. c. 30A, § 14 (7).  See Kelley v. Director of Div. of Employment Sec., 374 Mass. 823, 823 (1978).

3.  District Court motions.  Sinapah asserts that the decision to take no action on her motion to impound the administrative record was error.  The motion to impound was filed after the record was already assembled for Sinapah's appeal of the judgment in that case.  Relying on G. L. c. 151A, § 46 (a), Sinapah asserted that impoundment was required because § 46 mandates strict confidentiality of materials related to the unemployment hearings.  However, § 46 (b) (1) permits the inclusion of the materials in proceedings where the DUA is a necessary party.  See G. L. c. 151A, § 46 (b) (1).  Thus, even if the motion to impound was timely, see Rule 2 (a) (1) of the Uniform Rules on Impoundment Procedure (motion "must be filed and ruled upon prior to submission of the actual material sought to be impounded"), we are satisfied that the judge did not abuse her discretion.  See New England Internet Café, LLC v. Clerk of

Superior Court for Criminal Business in Suffolk County, 462

Mass. 76, 83 (2012).

Likewise, we discern no error in the denials of Sinapah's motions to litigate using a pseudonym, as well as her motions to reconsider those decisions. "We have reviewed the materials . . . and nothing in them compels us to conclude that the petitioner has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings" (quotations omitted). Singer v. Rosenkranz, 453 Mass. 1012, 1013 (2009), quoting Doe v. Bell Atl. Business Sys. Servs., Inc., 162 F.R.D. 418, 420 (D. Mass. 1995).[7]

4. Single justice order. A single justice lifted stays of both appeals before they were consolidated, reasoning that Sinapah could not demonstrate that the outcome of Federal litigation would impact her appeals where DUA was not a party to the Federal case. Because there was no reason to wait to address Sinapah's claims, it follows that the second single justice correctly denied Sinapah's motion for a stay of the consolidated appeal.[8]

---

[7] To the extent the plaintiff now complains that the judge denied her requests without a hearing, we note that she did not request a hearing on these motions.

[8] We decline to address Sinapah's cursory and unsubstantiated contentions that various judges of the District and Appeals

6

Conclusion.  The order in the first District Court case, dated February 25, 2020, is affirmed.  The judgment in the second District Court case, dated May 22, 2017, is affirmed. The orders in both District Court cases, dated March 9, 2020, are affirmed.  Finally, the single justice order dated June 6, 2022, is affirmed.

So ordered.

By the Court (Rubin,
  Englander & Brennan, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  June 21, 2023.

---

Courts are biased against her.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[9] The panelists are listed in order of seniority.