500

United States District Court
E. D. Pennsylvania.
Nov. 15, 1952.

Order Vacating Judgment Dec. 9, 1952.

Ned Stein, Philadelphia, Pa., for plaintiffs.

Walter A. Herley, Coatesville, Pa., for defendants Potters and Maddox.

Alex Bonnie, Joseph A. Girone, Philadelphia, Pa., for defendant Pitucci.

WELSH, District Judge.

This is a motion of the defendants, Frank W. Potters and Leroy Maddox, to set aside the default heretofore entered against them.

■■ Decision on a motion to set aside a default under Rule 55(c) of the Federal Rules of Civil Procedure, 28 U.S.C. is in the sound discretion of the Court and depends on the facts and circumstances of the particular case. The promptness with which a moving party acts after the discovery of the default is a fact which must be given important and weighty consideration; and it is the fact in our opinion which is dispositive of the present motion. Regarding that fact the record in this case discloses that the default was entered on November 13, 1950, written notice of the default was given to counsel for the defendants, Potters and Maddox, on or about March 5, 1951 (affidavit of Ned Stein, plaintiffs' counsel, filed September 12, 1952) and the motion to set aside the default was filed March 19, 1952. Under such circumstances we are unable to say that the defendants or their counsel acted promptly or with due diligence in moving to set aside the default. Nor can we say that they did even if we assume that the motion to set aside the default was informally filed on their behalf by counsel for the other defendant, Pitucci, at a pre-trial conference on November 13, 1951, at which time said counsel for Pitucci stated that he was in attendance on behalf of Pitucci and counsel for Potters and Maddox, for in our opinion said motion had still come too late.

In their brief filed October 17, 1952, counsel for defendants, Potters and Maddox, state that they first learned of the default on November 19, 1951. That fact, if shown, would make defendants' case and Pitucci's case substantially similar, and following our decision in the Pitucci case D. C., 13 F.R.D. 13, we would have to grant defendants' motion. That fact has not been

shown, however. Prior to our decision in the Pitucci case all three defendants had filed motions to set aside the default theretofore entered against them. On May 28, 1952, we filed an opinion granting Pitucci's motion. On the same day, because we had found in the file a copy of a letter sent by plaintiffs' counsel to Pitucci's counsel indicating the former had given written notice of the default to counsel for the defendants, Potters and Maddox, on or about March 5, 1951, we advised the Clerk of the Court to set the motion of the defendants, Potters and Maddox, down for another argument. (It should be pointed out that counsel for Pitucci first learned of the default in October or November of 1951 and moved promptly to have said default set aside.) On September 8, 1952, the matter was submitted to us on briefs. Thereafter, we communicated with counsel for said defendants and advised him of his right to argue the matter orally and to submit another brief. He replied stating that he was willing to rest on his brief previously filed and that he would orally argue the matter if the Court so wished. Later we communicated with him again, advising him that the matter had been put down for another argument on October 20, 1952 and that counsel in the case should be prepared on that date to argue the timeliness of defendants' motion. On the scheduled day a brief argument was had. Mention was made of the affidavit filed by plaintiffs' counsel indicating receipt of notice of default by counsel for defendants on or about March 5, 1951. Counsel for defendants stated he had not received a copy of said affidavit, and after reading said affidavit obtained leave to file a supplemental brief within two days for the purpose of combatting the facts therein including the fact of the receipt of written notice of the default by said counsel for the defendants. More than three weeks have elapsed since said leave was obtained, and as of the date of the writing of this opinion no brief has been received. Under the circumstances we construe the silence of counsel as an admission of the fact that written notice of the default was received by them on or about March 5, 1951.

The contention that the default should be set aside because the complaint on its face shows no cause of action or if it does the defendants have a meritorious defense to the action and because the default was due to the mistake of counsel is without merit in view of the fact that the defendants or their counsel failed to exercise due diligence in moving to have the default set aside.

And now, to wit, in accordance with the foregoing opinion, it is this 14th day of November, A. D. 1952 ordered, adjudged and decreed that the motion of defendants, Frank W. Potters and Leroy Maddox, to set aside the default heretofore entered against them be and the same is hereby denied.

### Order Vacating Default Judgment

The Court in its opinion filed, November 15, 1952, having stated that a supplement brief which counsel for Frank W. Potters and Leroy Maddox, was on October 20, 1952 given permission to file and that the failure to file such supplemental brief was considered by the Court as an admission of the fact that written notice of default was received by counsel for said Frank W. Potters and Leroy Maddox on or about March 5, 1951, and it appearing that such statement in the said opinion was erroneous for the reason that the supplemental brief referred to had in fact been filed in due time but by an inadvertence had not been brought to the Court's attention. It is upon consideration of such supplemental brief

Ordered that the judgment of default entered against the said Frank W. Potters and Leroy Maddox, be and the same is hereby vacated and set aside.