MARY J. LALLY vs. DORCHESTER DIVISION OF THE DISTRICT
COURT DEPARTMENT; CIVIL SERVICE COMMISSION & another,[1]
interveners.

No. 87-332.

Suffolk.  December 11, 1987. — December 30, 1988.

Present: GREANEY, C.J., ARMSTRONG, & PERRETTA, JJ.

*Practice, Civil,* Relief in the nature of certiorari. *Civil Service,* Judicial
review. *Attorney General.*

In an action for relief in the nature of certiorari, a judge incorrectly denied
    a motion by the nominal party, a District Court, for removal of a default
    and improperly ordered judgment for the plaintiff, where the default had
    resulted from the plaintiff's failure to make proper service in accordance
    with Mass.R.Civ.P. 4 (d) (3) upon the nominal defendant or to serve
    either of the State agencies which were the real parties in interest.
    [727-729]
On consideration of the record of an action for relief in the nature of cer-
    tiorari, this court ordered entry of a judgment denying relief. [729-730]

CIVIL ACTION commenced in the Superior Court Department
on March 3, 1981.

The case was reported by *Robert J. Hallisey,* J.

*Paul M. Glickman,* Assistant Attorney General, for Dorches-
ter Division of the District Court Department & another.

*Jean Strauten Driscoll* for Labor Relations Commission.

*Thomas Christian DeCourcy* for Mary J. Lally.

ARMSTRONG, J.   On January 11, 1978, following a hearing,
the Labor Relations Commission discharged the plaintiff,
Lally, from her position as a labor relations examiner due to
her record of repeated violations of the commission's attend-
ance and time policies. On appeal to the Civil Service Commis-

---

[1] Labor Relations Commission.

sion, a hearing officer made extensive findings substantiating the reasons specified for the discharge and recommended affirmance. G. L. c. 31, § 43, as appearing in St. 1978, c. 393, § 11. The Civil Service Commission adopted the recommendation and affirmed the discharge.[2] Lally appealed that decision to the Dorchester District Court,[3] which ruled that the decision was supported by substantial evidence and untainted by error of law. A judgment affirming the decision of the Civil Service Commission was entered on April 11, 1980.

On March 3, 1981, Lally filed in the Superior Court the complaint that gives rise to the instant appeal — a complaint for relief in the nature of certiorari, seeking review of the District Court's decision that had been rendered a year before. See G. L. c. 249, § 4, as in effect prior to St. 1986, c. 95.[4] The complaint named the District Court as the sole defendant. Another year passed before process was served: on July 27, 1982, Lally caused the District Court to be served by a sheriff, who delivered a copy of the complaint and a summons to an administrative assistant said to be "in charge of [the court's] business". The court did not forward the process to the office of the Attorney General,[5] who would in the normal course represent the District Court in the Superior Court proceeding. No answer or return having been filed, Lally's motion for the entry of a default was allowed, and the District Court was

---

[2] The discharge was affirmed by a three-to-two vote, two commissioners taking the position that discharge was an excessive penalty. There was no dissent as to the factual basis for disciplinary action.

[3] General Laws c. 31, § 44, as appearing in St. 1978, c. 393, § 11, gives jurisdiction to "the district court for the judicial district wherein [the plaintiff] resides." Lally resides in Dorchester.

[4] Statute 1986, c. 95, shortened the time within which review by certiorari might be sought from two years, measured from the date of decision, to sixty days.

[5] An affidavit was filed in March, 1986, by the chief of the government bureau in the office of the Attorney General, stating that nothing relating to the case had been received by that office until the telephone notification of the pretrial conference on February 24. The affidavit was not controverted nor (for a reason that is discussed below) is its assertion dubious. See *Farley* v. *Sprague,* 374 Mass. 419, 424-425 (1978).

defaulted on June 21, 1983. There matters rested for nearly three more years.

In 1986 the case surfaced on a trial list and was set down for a pretrial conference February 24. An assistant attorney general, alerted by a phone call from the Dorchester District Court,[6] attended. The case was set down for a damages assessment hearing on March 10. On that date a different assistant attorney general filed a motion to remove the default based on the assertion that the Attorney General's office had only learned of the matter in late February. The judge denied the motion because of the three-year delay after the entry of the default. The matter was continued to the following day, March 11, for a hearing on the form of the judgment.

At the March 11 hearing the assistant attorney general raised for the first time several procedural points: that service of process had been improper; that service had not been made until after the expiration of the statute of limitations applicable to certiorari actions (see note 4, *supra*); and that the Civil Service Commission and the Labor Relations Commission should have been named as parties defendant and been served. The judge ruled that the arguments were raised too late. He stated, however, that, if service had not been made in accordance with law (he thought that it had), he would in light of the delay (the action now being five years old and the discharge, eight years old), exercise his discretion to order the action dismissed. An order — in effect a judgment — was entered remanding the case to the District Court for the entry of an order remanding to the Civil Service Commission, where a new decision was to be entered requiring reinstatement of Lally in her position as labor relations examiner and computing (and ordering payment of) net back pay lost from the time of discharge. Following a timely appeal by the District Court and the allowance, for purposes of appeal only, of motions to intervene by the Civil Service Commission and the Labor Relations Commission, the judge framed a report of questions bearing on the correctness of the orders entered.

---

[6] The phone call apparently followed a telephone call from Lally's counsel to the District Court to notify it of the February 24 pretrial conference.

The judge correctly identified the sufficiency of the service of process as the pivotal issue in determining whether the default should be removed. Such relief is discretionary, and delay is a factor militating against relief. *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430 (1979). Thus, where a party has been properly served with process, his inordinate delay in seeking removal of a default can be reason enough to deny relief. See, e.g., *Elias* v. *Pitucci*, 13 F.R.D. 500 (E.D. Pa. 1952). The result must be otherwise, however, where a defect in service is itself the cause of the failure to answer and of delay in removing a default.

This is such a case. Where a court is named a defendant in a lawsuit, service upon it must be made in accordance with the requirements of Mass.R.Civ.P. 4(d)(3) as amended, 370 Mass. 918 (1976). Thus, service must be made:

> "Upon the Commonwealth or any agency thereof by delivering a copy of the summons and of the complaint to the Boston office of the Attorney General of the Commonwealth, *and*, in the case of any agency, to its office or to its chairman or one of its members or its secretary or clerk. Service hereunder may be effected by mailing such copies to the Attorney General and to the agency by certified or registered mail." (Emphasis supplied.)

Lally's contention that the District Court is neither "the Commonwealth" nor an "agency" of the Commonwealth — a term she would confine to agencies in the executive branch — is manifestly unsound. Subparagraphs (1) through (5) of rule 4(d) are intended to be exhaustive of the categories of entities subject to suit in the Commonwealth's courts, and a court fits into none of the other categories.[7] The Attorney General normally represents courts, or officers of courts, in litigation pursuant to his statutory duty to "appear for the commonwealth and for

---

[7] The other categories are: (1) individuals; (2) domestic corporations, foreign corporations, and unincorporated associations; (4) counties, cities, towns, and other political subdivisions of the Commonwealth; and (5) authorities, boards, committees, or similar entities, subject to suit under a common name.

state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said departments, officers and commissions are called in question . . . ." G. L. c. 12, § 3, as appearing in St. 1943 c. 83, § 1. See *Clerk of Superior Court for the County of Middlesex* v. *Treasurer & Receiver Gen.*, 386 Mass. 517, 526 (1982).

We need not decide whether delivery of a copy of the complaint and summons to the District Court was essential to valid service. Delivery to the office of the Attorney General *was* essential to valid service, and it was not done. It is no answer to say that the District Court should have forwarded *its* copy to the Attorney General.[8] The court could properly assume that the plaintiff would cause the Attorney General to be served as the rule required. It could likewise assume that an assistant attorney general would instruct it as to what, if anything, it must do by way of defense of the suit, because "[a]ll such suits and proceedings shall be prosecuted or defended by [the Attorney General] or under his direction." G. L. c. 12, § 3. It is not contested that the office of the Attorney General appeared and sought removal of the default as soon as it learned of the pendency of the action.

There is a further reason why judgment could not properly be entered against the District Court in the present posture of the case. The District Court's role in the case was purely adjudicatory. It was, by definition, disinterested. The judicial tribunal is the traditional defendant in a certiorari action, *Marcus* v. *Commr. of Public Safety*, 255 Mass. 5, 8, (1926), but it is, nevertheless, a nominal party only. The real parties in interest in this action (in addition to Lally) were the Labor Relations Commission, as the employer who discharged Lally, and the Civil Service Commission, whose role is hybrid: adjudicatory, in the sense that it is the impartial finder of the

---

[8] The better practice, of course, is for any Commonwealth officer to forward any process served upon him forthwith to the Attorney General's office. See G. L. c. 12, § 3, third sentence. A failure in this regard, however, does not excuse the plaintiff from his obligation to make proper service.

facts in the dispute between the appointing authority and the employee, and partisan, in that it assumes the role of defending the integrity of the civil service against political and other improper influences and civil service employees from inequitable treatment. General Laws c. 31, § 44, requires personal or registered mail service upon each of the two agencies at the commencement of the District Court proceedings. The modern (and salutary) trend is to require actions to be maintained against the real party or parties in interest, either instead of or in addition to the nominal party. See *Soja* v. *T.P. Sampson, Co.*, 373 Mass. 630, 632 n.2 (1977); *Fadden* v. *Commonwealth*, 376 Mass. 604, 608 (1978), cert. denied, 440 U.S. 961 (1979); *Katz* v. *Commonwealth*, 379 Mass. 305, 312 (1979). Massachusetts Rule of Civil Procedure 19(a), 365 Mass. 765 (1974), normally requires the joinder of parties whose interests will of necessity be affected by a pending action. Other courts, applying this rule, have required joinder of real parties in interest in certiorari actions. See *Veradale Valley Citizens' Planning Committee* v. *Spokane County*, 22 Wash. App. 229 (1978), and other cases cited in 2 Antieau, The Practice of Extraordinary Remedies § 5.14 at 718 (1987). Our certiorari statute, G. L. c. 249, § 4, has since St. 1963, c. 661, § 1,[9] permitted (but not required) joinder of the real parties in interest. There is no inconsistency between a statute permitting such joinder and a rule of court that requires it.

The judge indicated that, if, in fact, service was defective, he would order the action dismissed. There is no injustice in such a dismissal. We have the critical components of the record, including the detailed specifications against Lally, the findings of the Labor Relations Commission, the decision of the hearing examiner with her description of the evidence before her, the

---

[9] Adding to G. L. c. 249, § 4, the following: "Where a petition is brought against a body or officer exercising judicial or quasi-judicial functions to prevent the body or officer from proceeding in favor of another party, or is brought with relation to proceedings already taken, such other party may be joined as a party respondent by the petitioner or on motion of the respondent, or by petition to intervene. Such other party may file a separate answer or adopt the pleadings or return of the body or officer . . . ."

decision of the Civil Service Commission, and the decision of the District Court. It is apparent that there was substantial evidence to support the decision of the Civil Service Commission. A remand for further proceedings in the Superior Court would be superfluous.

The judgment is reversed, and a new judgment is to be entered denying relief in the nature of certiorari.

*So ordered.*