NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13358

BHARANI PADMANABHAN  vs.  EXECUTIVE DIRECTOR OF THE BOARD OF
REGISTRATION IN MEDICINE.


March 17, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
    Board of Registration in Medicine.  Mandamus.  Clerk of
    Court.  Practice, Civil, Default, Service of process.
    Attorney General.


    The petitioner, Bharani Padmanabhan, filed a petition in
the county court, pursuant to G. L. c. 249, § 5, seeking relief
in the nature of mandamus.  The petition was denied by a single
justice of this court, and Padmanabhan appealed.  We affirm.

    Background.  This matter stems from a civil action that the
petitioner commenced in the Superior Court against the executive
director of the Board of Registration in Medicine (board),
acting in his official capacity.  The petitioner timely served
the complaint upon the board, but did not also serve the office
of the Attorney General, as required when the party served is a
State agency.  See Mass. R. Civ. P. 4 (d) (3), as amended, 370
Mass. 918 (1976).  No answer was filed within twenty days,
prompting the petitioner to file a motion requesting entry of
default by the clerk, pursuant to Mass. R. Civ. P. 55 (a), 365
Mass. 822 (1974).[1]  Thereafter, the office of the Attorney
General learned of the suit and filed an opposition to the
motion on behalf of the board.  A judge in the Superior Court
subsequently denied the petitioner's motion based on the

_____

    [1] The rule provides:  "When a party against whom a judgment
for affirmative relief is sought has failed to plead or
otherwise defend as provided by these rules and that fact is
made to appear by affidavit or otherwise, the clerk shall enter
his default."  Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974).

petitioner's failure to timely serve the office of the Attorney General.

The petitioner later filed a second request for entry of default. That request was denied without prejudice, for failure to certify compliance with Rule 9A of the Superior Court. The petitioner then brought the instant petition for relief in the nature of mandamus, requesting that the clerk for the Superior Court in Suffolk County be compelled to enter a default against the board. Upon denial of his petition by the single justice, the petitioner appealed to the full court.[2]

Discussion. A request for relief in the nature of mandamus is "a call to a government official to perform a clear cut duty, and the remedy is limited to requiring action on the part of the government official" (quotation and citation omitted). Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001 (2012), cert. denied, 571 U.S. 872 (2013). Relief in the nature of mandamus is not appropriate to compel an official to perform a discretionary act, or to obtain review of an action already taken. See id.; Boston Med. Ctr. Corp. v. Secretary of Executive Office of Health & Human Servs., 463 Mass. 447, 470 (2012). "Further, even if the act sought to be compelled is ministerial in nature, relief in the nature of mandamus is extraordinary and may not be granted except to prevent a failure of justice in instances where there is no other adequate remedy" (quotation and citation omitted). Mederi, Inc. v. Salem, 488 Mass. 60, 65 (2021).

The petitioner is correct that entry of default under rule 55 (a) is a "formal, ministerial act of the clerk" that does not require judicial authorization. Reporters' Notes to Rule 55 (1973), Mass. Ann. Laws Court Rules, Rules of Civil Procedure (LexisNexis 2023). Here, the petitioner's requests were apparently treated as motions and ruled upon by a judge in the trial court, rather than acted upon by the clerk, as provided

---

[2] After the appeal was entered in this court, the petitioner filed a motion for judicial notice, requesting that the court take notice of DiMasi v. Secretary of the Commonwealth, 491 Mass. 186 (2023), insofar as the case discusses statutory interpretation. Although styled as a motion, the filing is effectively a letter under Mass. R. A. P. 16 (l), as appearing in 481 Mass. 1628 (2019), notifying the court of a supplemental authority, and as such, no ruling is necessary.

for under the rule.[3]  Nonetheless, in the circumstances of the underlying case, the clerk did not have a "clear duty" to enter a default.

Contrary to the petitioner's assertion, the board is an agency of the Commonwealth, and the office of the Attorney General must be served in order to perfect service of process, pursuant to rule 4 (d) (3).  See G. L. c. 12, § 3; Currier v. National Bd. of Med. Examiners, 462 Mass. 1, 4 (2012) (describing board as "the Commonwealth's licensing agency for physicians").  See also Levy v. Board of Registration & Discipline in Med., 378 Mass. 519, 523 (1979) (discussing board's statutorily delegated authority as administrative agency).  Perfection of service "is a prerequisite" for entry of default because such service triggers the deadline for filing an answer.  Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 99 (2004).  See Mass. R. Civ. P. 12 (a) (1), 365 Mass. 754 (1974) (deadline for responsive pleading begins to run "[a]fter service upon" responding party).  Because service was not perfected here, the board's twenty-day deadline to respond under rule 12 (a) did not begin to run, the board had not "failed to plead or otherwise defend" as required by rule 55 (a), and the clerk had no clear cut duty to enter a default.  See Curly Customs, Inc., supra.  Cf. Lally v. Dorchester Div. of the Dist. Court Dep't, 26 Mass. App. Ct. 724, 727-728 (1988) (removal of default required where plaintiff did not serve complaint upon office of Attorney General, which was "essential to valid service" under rule 4 [d] [3], and caused defendant's failure to timely respond).  Indeed, the failure to perfect service was apparent from the docket as well as the petitioner's request for default, each of which indicated that service was made and returned for the board, but not for the office of the Attorney General.[4]

---

[3] The court's denial of the petitioner's second request appears to reflect uncertainty about whether it was intended to be ruled upon by the court.  The endorsement states:  "To the extent this is a motion for consideration by the court, it is denied without prejudice for failure to certify compliance with Rule 9A of the Superior Court."

[4] In light of our conclusion that the petitioner was not entitled to entry of default, we need not consider his argument that requests for entry of default under rule 55 (a) are not subject to Rule 9A of the Superior Court.

Moreover, even if the clerk had entered a default upon the petitioner's initial request, the petitioner would not have benefited from it, where the defect in service provided a basis for removal of the default at the request of the Attorney General.  See Lally, 26 Mass. App. Ct. at 727-728 (although relief from entry of default judgment is discretionary, such relief "must" be granted "where a defect in service is itself the cause of the failure to answer and of delay in removing a default").

Accordingly, the single justice did not err or abuse her discretion in denying relief under G. L. c. 249, § 5.

Judgment affirmed.

The case was submitted on briefs.
Bharani Padmanabhan, pro se.
Samuel Furgang, Assistant Attorney General, for the respondent.