Chester Plasko *vs.* John L. Orser.

Norfolk.     May 5, 1977. — July 6, 1977.

Present: Hennessey, C.J., Quirico, Braucher, Kaplan, & Liacos, JJ.

*Interest. Negotiable Instruments,* Interest, Instalment note. *Judgment.*

In an action to recover the unpaid balance of a promissory note which provided for "interest at six per cent per annum," the plaintiff was entitled to recover interest only on the unpaid principal balance and

---

not on the entire original principal without deduction of repayments. [42-43]

In an action to recover the unpaid balance of a promissory note, the fact that the defendant was defaulted for failure to answer the plaintiff's interrogatories did not bind the court to the theory of damages contained in the complaint. [43-44]

CONTRACT. Writ in the District Court of Northern Norfolk dated June 12, 1974.

The action was heard by *Rider, J.*

*Albert Auburn* for the plaintiff.

*Albert S. Robinson* for the defendant.

QUIRICO, J. By a promissory note dated May 17, 1971, the defendant promised to pay the plaintiff "the sum of seven thousand five hundred dollars ($7500) with interest at six per cent per annum payable in weekly installments of one hundred dollars." On default "the whole principal sum together with interest thereon then unpaid ... becomes due and payable on demand." The plaintiff brought an action in contract in a District Court alleging "that the defendant has paid $5300. on account of said note and that the last payment was made on or about December 7, 1973," that the defendant was in default, and that the defendant owes "the unpaid balance of $2200 plus interest on $7500 from May 17, 1971, the date of said note, plus reasonable attorney's fee as provided in said note."

The defendant was defaulted for his failure to answer the plaintiff's interrogatories. See *Gill* v. *Stretton,* 298 Mass. 342 (1937); Dist. Mun. Cts. R. Civ. P. 55 (1975). The case was set down for assessment of damages. The District Court judge denied the plaintiff's requests for rulings that (1) the only issue before the court was the amount of attorney's fees, and (2) as a matter of law, the plaintiff was entitled to recover $2,200 plus 6% interest on $7,500 from May 17, 1971. The plaintiff did not testify, and objected when the defendant was permitted to testify on the amount of damages other than attorney's fees. It is undisputed that the judge properly permitted testimony on the amount of reasonable attorney's fees.

Plasko *v.* Orser.

The District Court judge awarded the plaintiff damages of $2,588.81, "including principal and interest to the date of the writ, with interest from the date of the writ," and an attorney's fee of $376.52.[1]

The Appellate Division of the District Courts, Southern District, on a report requested by the plaintiff, held that there was no error in the calculation of damages, the only matter in issue, and dismissed the report. The plaintiff then appealed to this court, again solely on the proper amount of damages. G. L. c. 231, § 109. The case is before us on the report of the judge and the opinion of the Appellate Division. No evidence — other than a copy of the note — is reported.

Throughout these proceedings, the plaintiff's theory has been that the defendant's payments of $5,300 should be allocated wholly to reduce the principal amount due, and that the defendant must pay interest on the original total principal amount of $7,500 from the date of the making of the note.[2] In the plaintiff's view, the $5,300 payments had no effect on the amount of interest which the defendant must pay, yet the note simply speaks of "interest at six per cent per annum," and contains no express requirement for the application of the instalment payments entirely to principal. In the alternative the plaintiff argues that the note calls for constant payments of principal and interest.

It has long been the rule in this Commonwealth that, absent any express agreement to the contrary, partial payments on an interest bearing debt are applied first to the interest due, with any excess payment to be applied to reduce the principal debt. *Downer* v. *Whittier*, 144 Mass.

---

[1] These damages must have included $2,200 in principal, plus $388.81 in interest for the fourteen months between the claim of default (December, 1973) and the date of judgment (February, 1975). While at oral argument the plaintiff claimed some miscalculation in the assessment of damages, even accepting the defendant's theory of damages, we are unable to determine any such miscalculation on the record before us.

[2] Although no figures have been suggested to us, we assume the plaintiff seeks a constant $450 annually (6% of $7,500).

448, 450-452 (1887). *Ferry* v. *Ferry,* 2 Cush. 92, 98 (1848). *Reed* v. *Reed,* 10 Pick. 398, 400 (1830). *Fay* v. *Bradley,* 1 Pick. 194 (1822). *Dean* v. *Williams,* 17 Mass. 417 (1821). See *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260, 266 n.10 (1976); *Phinney* v. *Turcotte,* 338 Mass. 728 (1959); *Blair* v. *Travelers Ins. Co.,* 291 Mass. 432, 438-439 (1935). *Lewin* v. *Folsom,* 171 Mass. 188, 192 (1898). Indeed, in *Blanchard* v. *Cooke,* 144 Mass. 207, 222 (1887), this method of applying partial payments is called "the Massachusetts rule." These cases have unequivocally held that subsequent interest is computed on the reduced principal balance. See *Brigham* v. *M & J Corp.,* 352 Mass. 674, 681 (1967). See 47 C.J.S. Interest § 66 (1946); 45 Am. Jur. 2d Interest and Usury § 99 (1969).

The reason for this approach is manifest. Interest is compensation for the deprivation of the use of principal. See *Ratner* v. *Hill,* 270 Mass. 249, 254 (1930), and cases cited. Once the use of part of the principal is returned to the lender, there is no longer any deprivation which calls for recompense. Where the borrower has already performed in part, and the lender has enjoyed the benefit of such performance, it would be unjust to permit the lender to receive further interest on the amount that has been paid, barring specific language that compels such a result.

The note in this case is thus not susceptible of the interpretations which the plaintiff seeks. It speaks only of "interest at six per cent per annum" and does not expressly call for interest on the entire original principal without deduction of repayments. Nor does any language suggest constant repayments of interest and principal. This note, rather, compels an interpretation that interest be calculated on a declining principal balance.

The plaintiff argues that the defendant's default in effect bound the court to the theory of damages found in the complaint. This is not the case. The default established the defendant's liability. See Dist. Mun. Cts. R. Civ. P. 55 (b) (1975); Mass. R. Civ. P. 55 (b), 365 Mass. 822 (1974); J.W. Smith & H.B. Zobel, Rules Practice §§ 55.4-55.5 (1977). It remained for the judge to determine

Plasko *v.* Orser.

damages based on the correct interpretation of the note before him and the undisputed payments of $5,300.[3]

In the ordinary action on a note, the claim is "for a sum certain or for a sum which can by computation be made certain," Dist. Mun. Cts. R. Civ. P. 55 (b) (1) (1975), and no hearing on damages would be necessary. In our view, the note in this case is sufficiently clear to have permitted entry of judgment without a hearing on the matter of damages other than attorney's fees. The plaintiff thus correctly contends that the interpretation of this unambiguous note was a matter of law for the judge, and that parol evidence was not admissible to explain the note. See *Sherman* v. *Koufman,* 349 Mass. 606, 609-610 (1965); *Trahant* v. *Perry,* 253 Mass. 486 (1925); 3 A. Corbin, Contracts § 587 (1960).

While it was error to permit the defendant to testify to anything other than the amount of attorney's fees, the judge properly calculated the damages due on the note despite the error. In view of our interpretation of the unambiguous note, any mistake in the admission of evidence did not affect the result. Thus the judgment of the District Court must be affirmed.

*Order dismissing report affirmed.*

---

[3] Federal practice under the analogous rule of procedure bears on this point. *Rollins Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). In *Pope* v. *United States,* 323 U.S. 1, 12 (1944), the Court said: "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly. . . . [T]he court determines that the unchallenged facts shown of record establish a legally binding obligation; it adjudicates the plaintiff's right of recovery and the extent of it, both of which are essential elements of the judgment" (citations omitted).

In *Flaks* v. *Koegel,* 504 F.2d 702, 707 (2d Cir. 1974), the court said: "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."