MPV, INC. *vs.* DEPARTMENT OF REVENUE & others; AUGUSTUS A. PERFITO, third-party defendant. No. 87-992. July 11, 1988. *Practice, Civil,* Default, Relief from judgment. *Judgment,* Default, Relief from judgment.

The plaintiff (MPV) is the record owner of a nightclub property seized in 1982 by the Department of Revenue (department) to collect sales and meals taxes, interest, and penalties, which at the time totaled $57,810.28. The nightclub was operated by Augustus A. Perfito, who was primarily liable for payment of the taxes, interest, and penalties. MPV brought this action to enjoin sale of the property and to obtain its return. (The property was subsequently sold, and the dispute between MPV and the department concerns the proceeds of the sale.) The department, by defense and by counterclaim, sought to establish that MPV was the alter ego of Perfito and that a transfer of all the shares of MPV from Perfito to his son Vincent was in fraud of creditors.

On May 5, 1987, the department failed to answer a call of the trial list, and a judge ordered the entry of a default judgment in favor of MPV. The department filed a motion to remove the default (the department did not realize when it framed the motion that the case had gone to judgment), supported by an affidavit of the person who receives the mail addressed to the department's legal division stating that the notice was received, opened, and date-stamped by her on May 8, 1987. The motion was denied without explanation, and the department appealed.

Because the department had appeared in the action (and, indeed, had demonstrated its intention to contest actively by answering, filing a counterclaim, and prosecuting numerous motions related to discovery), it was reversible error to enter a default judgment without giving the department the seven days' notice called for by Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974). For Massachusetts authority, see *Old Colony Bank & Trust Co.* v. *Stacey Transp. Corp.,* 10 Mass. App. Ct. 825, 827 (1980); Reporters' Note to Mass.R.Civ.P. 55(b)(2), Mass. Ann. Laws, Rules of Civil Procedure at 441-442 (1982); Smith & Zobel, Rules Practice § 55.4 (1977). For Federal authority under the corresponding rule, see *Turner* v. *Salvatierra,* 580 F.2d 199, 200, 201 (5th Cir. 1978); 6 Moore's Federal Practice par. 55.05[3] (2d ed. 1988). See also *Feeney* v. *Abdelahad,* 6 Mass. App. Ct. 849, 850 (1978). The distinction between the entry of a default under Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974), and a default judgment under rule 55(b) must be carefully observed in light of the considerable authority imposing the more stringent standards of Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), for setting aside a default judgment, as contrasted with the more

lenient, "good cause" standard of Mass.R.Civ.P. 55(c), 365 Mass. 823 (1974), for setting aside a simple default. See *Meehan* v. *Snow*, 652 F.2d 274, 276-277 (2d Cir. 1981); *Feliciano* v. *Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); 10 Wright & Miller, Federal Practice and Procedure § 2696, at 513-515 (2d ed. 1983). Some courts have treated a failure by the party obtaining the judgment to give notice to the defaulting party as rendering the judgment void or as justifying vacation of the judgment as matter of law, without regard to the timing of the motion for relief or to a showing of meritorious defense. See discussion in 10 Wright & Miller § 2695, at 506-510. Here the department filed a prompt motion for relief and has a meritorious defense.

We recognize that prior defaults (the department was in default for a brief period two years earlier and was relieved of the default at that time) are a factor to be weighed in determining whether a party should be relieved for a present default. See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 159 (1987). Reviewing the docket entries as a whole, however, one gets the impression that it has been MPV rather than the department which has been footdragging, and, in any event, the earlier default is not a basis for disregarding the notice requirement of rule 55(b)(2). We similarly reject the contention that the inherent power of a court to order judgment by default overrides the procedural requirements of the rule. Compare *Imprescia* v. *Imprescia*, 392 Mass. 101, 104 n.3 (1984). *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 860-863 (1983), was not a case involving a default judgment. There the case was tried, and Wilson appeared pro se. His wife, whose liability on the indemnity agreement was joint with her husband, had actual notice of the trial but chose not to attend. In that situation rule 55(b)(2) had no application.

*Judgment reversed.*

*Lawrence P. Fletcher-Hill,* Assistant Attorney General, for the Department of Revenue & others.

*Charles W. Kulikowski* for the plaintiff.