LoConto, J.
The defendant brought this appeal to the Appellate Division claiming to be aggrieved by the trial court’s denial of his motion to remove a default[3] and denial of his motion for judgment on the pleadings. We remand the matter to the trial court and order that the default entered be set aside.
Statement of Facts
The plaintiff, Carl Messier, brought this action seeking damages for injuries he alleged were caused when he fell at the defendanf s business establishment. His wife, Lillian Messier, brought an action for her alleged loss of consortium. The complaint was filed in the Greenfield Division on September 17, 1990. On September 24, 1990, the defendant was served the summons and complaint, requiring him to serve his response within 20 days after service. Dist./Mun. Cts. R. Civ. P., Rule 12 (a). Twenty days from September 24, 1990 was Sunday, October 14, 1990, in which event the rule provides that the period runs until the end of the next day which is not a Saturday, Sunday ora legal holiday. Dist./Mun. Cts. R Civ. P., Rule 6 (a). On Monday, October 15, 1990, the plaintiffs filed a request for the entry of a default against the defendant in accordance with Dist./Mun. Cts. R. Civ. P., Rule 55 (a), which default was dated and entered that day by the clerk. On Friday, October 19, 1990, the defendant retained trial counsel who filed a motion to remove the default, which motion plaintiffs’ counsel would not assent to be allowed. An affidavit in support of the motion and an answer to the complaint were also filed. The plaintiffs chose not to file any written motion in opposition to the defendant’s motion to remove the default. At a hearing held on December 12, 1990, the trial court denied the defendant’s motion.
Discussion
The removal of an entry of default under Dist./Mun. Cts. R. Civ. P., Rule 55 (c) is a matter addressed to the sound discretion of the trial judge and will not be reversed on appeal save for abuse. Burger Chef System, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287 (1984). Even though the standards differ, the same elements support either the removal of a default under Rule 55(c) or removal of a default judgment, under Rule 60(b), although the default removal standard, “good cause shown” is more lenient. MPV, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932 (1988). In deciding to *16 remove a default judgment under Rule 60(b), the Massachusetts Appeals Court set forth six factors to be considered. Those factors are: (1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979).
In this case, the defense counsel acted promptly to remove the default and asserted a meritorious defense that the plaintiffs’ case is time barred under G.L.c. 231, §2A. In addition, the plaintiffs failed to show they suffered any prejudice by a four day delay in the filing of an answer. Applying the factors to be considered, we decide that it was an abuse of discretion for the trial judge to deny the defendant’s motion to remove the default that presented him from filing his responsive pleading. We therefore order that the default entered on October 15,1990, be removed and that the defendant be permitted to file his answer.
The defendant also claims to be aggrieved by the failure of the trial court to act on his motion for judgment on the pleadings. He asks that we exercise discretionary authority granted to the Appellate Division in accordance with G.L.c. 231, §110. However, we decline to do so.
Therefore, we remand the case to the trial court and order that the entry of the default be vacated.
So ordered.

 Although removal of the defaultis an interlocutory matter where no final judgmenthasbeen entered, we decide to rule on the issue since the trial judge’s denial of the motion to remove the entry of the default is a determinative ruling and the case would otherwise be ripe for judgment.