BISSANTI DESIGN/BUILD GROUP *vs.* GORDON McCLAY &
another.[1]

No. 90-P-1427.

Norfolk. February 18, 1992. - April 29, 1992.

Present: DREBEN, KASS, & GREENBERG, JJ.

*Judgment*, Default. *Practice, Civil*, Default, Damages.

A judge acted within his discretion in denying a motion under
Mass.R.Civ.P. 55(a) to remove a default entered after the defendants
in a civil action failed to respond to the complaint. [470]

In a proceeding for assessment of damages, held after the defendants in a
civil action were defaulted for failure to respond to the complaint, the
judge should not have precluded the defendants from showing that the
value of the plaintiff's construction work, for which it sought recovery,
was less than the amount claimed; on remand, the defendants were to
be afforded an evidentiary hearing on any dispute as to value involving
issues of credibility. [470-472]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 6, 1989.

A motion to set aside a default was considered by *Roger J.
Donahue*, J., and a proceeding to establish damages was
heard by him.

*Frank A. Gaynor, III*, for the defendants.

*Harley H. Anderson* (*Kazimieras V. Stasiukevicius* with
him) for the plaintiff.

DREBEN, J. The defendants appeal from a judgment of
$38,628.35 in favor of the plaintiff contractor and from the
denial of their motion to vacate the judgment. The complaint
alleged the breach of an oral contract and also contained a
count for quantum meruit for renovating the basement of the
defendants' building. The defendants claim error in the
judge's refusal to remove a default which was entered pursu-

---

[1]Martha McClay.

ant to Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974), in the assessment of damages, and in the failure of the judge to make findings on damages.

1. A default was entered after the defendants failed to respond to the complaint. The defendants sought by motion to set it aside pursuant to Mass.R.Civ.P. 55(c), 365 Mass. 823 (1974).

There was no abuse of discretion in the denial of that motion or of the defendants' subsequent motion for reconsideration. The defendants failed to accompany their motion, as required, with an affidavit setting forth the facts and circumstances, including the nature of their defenses, upon which they relied. *New England Allbank for Sav.* v. *Rouleau*, 28 Mass. App. Ct. 135, 140 (1989). Smith & Zobel, Massachusetts Rules Practice § 55.8 (1977). See *Burger Chef Sys., Inc.* v. *Servfast of Brockton, Inc.*, 393 Mass. 287, 289 n.4 (1984). Moreover, the judge was not required to accept as "good cause," under rule 55(c), the claim asserted in the defendants' motion that they were under the mistaken belief that an answer had been filed, nor was he obliged to accept their conclusory statement that they had valid defenses.

2. At the hearing on damages, held in two parts, the defendants attempted to show that the fair value of the plaintiff's work was less than alleged and that the plaintiff's work was faulty — there were leaks in the basement and certain pipes froze.

Since its claims were not for a liquidated amount, the plaintiff was required to establish the extent of its damages. *National Grange Mut. Ins. Co.* v. *Walsh*, 27 Mass. App. Ct. 155, 157-158 (1989). *Eisler* v. *Stritzler*, 535 F. 2d 148, 153-154 (1st Cir. 1976). Although the defendants were prepared to testify, the judge, without making any findings, and based only upon documents and arguments of counsel, entered judgment for the plaintiff in the amount sought. See note 3, *infra*. The judge's comments during the hearing suggest that he considered the defendants to be precluded from showing that, because of improper workmanship, the fair value of the

work was less than the plaintiff claimed.[2] If this was the judge's view, it was incorrect.

In *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming,* 376 Mass. 826, 832-835 (1978), the Supreme Judicial Court, in discussing the preclusive effect of a default judgment, held that a default does not concede the amount of damages nor does a default admit mere conclusions of law. See also *Plasko* v. *Orser,* 373 Mass. 40, 43-44 (1977); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688 (1973); Mass.R.Civ.P. 8(d), 365 Mass. 750 (1974).

The plaintiff in its pleading asserted that the fair value of its services not already paid for by the defendants was $43,000.[3] The defendants were entitled to contest that amount and to show that the fair value of the plaintiff's work was less than claimed. See *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming,* 376 Mass. at 841, where the court held that it was error not to let the defendant produce evidence that certain expenditures made by the plaintiff were unreasonable. See also *Fehlhaber* v. *Indian Trails, Inc.,* 425 F. 2d 715, 717 (3d Cir. 1970) (determination of relative degree of fault among joint tortfeasors is open at hearing on assessment of damages and is not concluded by entry of default); *Flaks* v. *Koegel,* 504 F. 2d 702, 707 (2d Cir. 1974) (punitive damages cannot be fixed without an evidentiary hearing to determine how egregious was the conduct of the defendant).

The order denying the motion to vacate the default is affirmed. The judgment is vacated and the matter is remanded to the Superior Court for a new hearing on damages. If, as it presently appears, the dispute as to fair value raises issues of credibility, the judge should hold a full evidentiary hearing and not rely on the arguments of counsel. See *National Grange Mut. Ins. Co.* v. *Walsh,* 27 Mass. App. Ct. at 158.

---

[2]No evidence as to a definite contract price was offered, and the hearing was conducted on the basis of determining the fair value of the work.

[3]At the hearing the plaintiff conceded that the amount requested in the pleading was incorrect as a result of an error in computation and that the correct amount due was $38,628.35.

He should also, as required, make findings of fact. See *Kenney* v. *Rust*, 17 Mass. App. Ct. 699, 704-705 (1984), and cases cited.

*So ordered.*