Furnari, J.
This is an action in contract to recover the purchase price of computer equipment allegedly sold to defendant Old Colony Group Leasing, Inc. At issue on this appeal is the propriety of the trial court’s denial of the defendant’s motion to vacate the default entered against it. No default judgment has been entered in this case, and we review the trial court’s report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(d).
The relevant procedural chronology is as follows: On September 20, 1991, the plaintiff filed a complaintfor breach of contract to recover damages in the amount of $55,502.38[2] plus “interest from the date of demand, costs, reasonable attorney’s fees and such other relief as this court deems appropriate.” The plaintiff also obtained a Dist./Mun. Cts. R. Civ. P., Rule 4.1 attachment by trustee process of $6,000.00 of the defendant’s funds held by defendant-trustee, Cambridge Savings Bank.
The summons and complaint were served on the defendant on September23,1991. Just prior to the October 14,1991 deadline for filing an answer, the defendant retained legal counsel who immediately sought and obtained an extension from the plaintiff.
Counsel for both parties thereafter discussed the case on several occasions in November and December, 1991. Although defendant’s counsel expressed his intention of defending the suit, he did notfile an answer prior to the expiration of the agreed extension. On December 12,1991, the plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 55 (a) request for a default. Notice was given to the defendant, but not to defendant’s counsel.
Upon learning of the default from his client, defendant’s counsel immediately contacted plaintiff’s attorney, provided a copy of the defendant’s answer and requested plaintiff s cooperation in removing the default on the grounds that defendant’s counsel had been ill and under medication prior to and at the time of default entry. Plaintiff’s counsel refused to assent to any removal of the default.
Eight days later, on December 20, 1991, counsel filed defendant’s answer and counterclaim and a “Motion to Set Aside Default Judgment. MRCP 55A and 60B.” Contrary to the motion’s references to a judgment and to Rule 60(b), no default judgment had been requested or entered. The trial court allowed the defendant’s motion, after hearing, “subject to posting bond in the amount of $42,000.00 within twenty (20) days.”
The defendant subsequently determined that it was incapable of posting a bond in *45 the required amountwithin the limited 20 day period ordered by die court. On January 9.1992, prior to the expiration of the twenty days, the defendant filed a “Motion to Set-Aside Default and Reconsider Prior Order and For Other Relief.” As grounds therefor, the defendant asserted, inter alia, that it was a “practical impossibility” for the defendant to pay the $42,000.00 bond amount plus premium in the tíme required; that as its earlier motion incorrectly referenced a default judgment which had not been entered, its present request for relief should be considered under the “good cause” standard of Dist./Mun. Cts. R. Civ. P., Rule 55(c); and that the defendant had a meritorious defense to the plaintiffs claims as outlined in its answer and counterclaim.
In support of its motion, the defendant submitted the affidavit of its manager, Joseph G. Bonanno, who set forth a factually detailed account of the three contracts which constituted the parties’ agreement for the defendant’s purchase of IBM automated teller machines and computer software from the plaintiff for installation at US Trust Company branches, and of the plaintiff’s numerous, material breaches of such contracts. Bonanno averred that the plaintiff’s repeated failures to make timely deliveries, its tenders of both non-conforming and defective equipment, its inability to supply useable software and its refusal to remedy or replace incorrect shipments ultimately lead not only to the defendant’s direct purchase of some equipment from and payment to IBM, but also to its procurement from third parties of necessary software covered by the contract. Bonanno further averred that the plaintiff’s conduct so seriously impaired the defendant’s ability to perform its contractual obligations to US Trust that it ultimately lost its million dollar contract with that customer as well as substantial revenue from related business.
It was agreed by counsel that the defendant’s motion for reconsideration would be heard and argued on February 21,1992. On February 13,1992, prior to such hearing, the plaintiff filed and served a Motion for Assessment of Damages and an Affidavit of Counsel for Attorney’s Fees, which the plaintiff also marked for hearing on February 21.1992. The trial court clerk neither placed the assessment motion on a hearing list, nor issued notice of the hearing to the defendant as required by Dist./Mun. Cts. Supp. R. Civ. R, Rule 106C, but instead entered a second default against the defendant.
At the February 21,1992 hearing before a second judge (as distinguished from the judge who conditionally allowed the defendant’s Rule 60 motion in December 1991), the defendant responded as the “moving party,” and arguments were focused primarily on default removal and reconsideration of the prior conditional order. The court did not indicate that it was conducting an assessment hearing, and no testimony or other evidence of damages was introduced.
The trial court subsequently denied the defendant’s motion to set aside the default, and allowed the plaintiff’s assessment motion for the full amount of the $57,002.38 damages and attorney’s fees sought. The defendant thereafter requested this appeal.
1. Motions to vacate defaults and default judgments pursuant, respectively, to Rule 60 (b) and Rule 55 (c) of the Dist./Mun. Cts. R. Civ. P., are addressed to the broad, but not unlimited, discretion of the trial judge. See Riley v. Davison Construc. Co., 381 Mass. 432, 441 (1980); Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 423 (1989); The sound exercise of such discretion necessarily entails a correct application of the relevant factors to the motion at issue, Scannell v. Ed. Ferreirinha & Irmao, Lda., 23 Mass. App. Ct. 465, 469-470 (1987); a conscientious, equitable balancing of the competing interests of the parties and the administrative concerns of the court; and an ultimate disposition of the motion consistent with the procedural requirements and underlying policies of the rules. MPV, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932, 933 (1988).
2. The defendant’s second motion to set aside the default should have been allowed. As no default judgment had been entered, the defendant’s motion was governed not by the “excusable neglect” measure for Rule 60 (b) relief, Old Colony Bk. & Tr. Co. of Middlesex Cty. v. Tacey Transp. Corp., 10 Mass. App. Ct. 825, 826 (1980), but by the less *46 stringent “good cause” standard of Rule 55(c). MPV, Inc. v. Department of Revenue, supra at 932-933. The defendant properly directed the court’s attention to the controlling Rule 55(c) standard and to its prior mistake in seeking Rule 60(b) relief. The defendant also corrected its earlier omission by supplementing its reconsideration motion with an appropriate affidavit. Mullen Lumber Co. v. F.P. Assoc., Inc., 11 Mass. App. Ct. 1018, 1019 (1979). See generally, as to Rule 55(c) and 60(b) affidavit requirements, Bissanti Design/Build Group v. McClay, 32 Mass. App. Ct. 469, 470 (1992); New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989); J. SMITH AND H. ZOBEL, MASSACHUSETTS RULES PRACTICE S. 55.8 (1977).
The defendant’s claim of “good cause” for default removal properly rested on its expeditious action in seeking relief and its effective demonstration of a meritorious defense to the plaintiff’s claims. See Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 74-75 (1989). The report indicates that the defendant’s delay of approximately two months in filing an answer was attributable in part to counsel’s negotiations, but cf. Old Colony Bk & Tr. Co. v. Tacey Transp. Corp., supra at 826, and to the subsequent illness of defendant’s counsel. There is a general judicial reluctance to charge a party with the errors or omissions of his legal representative, Mullen Lumber Co. v. F.P. Assoc., supra at 1019; compare Jabaily v. Cullen, 18 Mass. App. Ct. 943, 944-945 (1984), particularly where, as in the instant case, there is no evidence that any delay resulted from a deliberate flouting or strategic disregard of procedural rules. See Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 430 (1986). Moreover, defendant's counsel responded almost immediately with a request for relief within eight days of default entry. Finally, the absence of any “inordinate delay,” Lally v. Dorchester Div. of the Dist. Ct. Dept., 26 Mass. App. Ct. 724, 727 (1988), coupled with plaintiff counsel’s awareness at all relevant times of the defendant’s intention to join suit, also militated against any finding of substantial prejudice to the plaintiff upon default removal.
3. In considering the defendant’s motion to vacate default and reconsider the first judge’s December 1991 conditional order, the second judge also bad the benefit of the defendant’s detailed affidavit of its meritorious defenses to the plaintiffs claims. Accepting as true the defendant’s uncontradicted averments, Farley v. Sprague, 374 Mass. 419, 424-425 (1978), it is clear that some of the equipment and software for which the plaintiff now seeks payment was never delivered pursuant to contract terms, and that the defendant made payment for other contract items directly to IBM, the plaintiffs supplier.[3] Such assertions of the plaintiffs own breach of contract and of the defendant’s partial payment for the goods in question raised serious issues not only of the plaintiffs legal entitlement to all of the damages sought and later assessed, but also of any right of recovery by the plaintiff herein. The involvement of serious issues of liability and damages and the potential for significant monetary recovery characterize the very kind of case ill-suited for the imposition of the harsh and disfavored sanction of default, or for resolution without a trial on the merits. See Scannell v. Ed. Ferreirinha & Irmao Lda., supra at 470; Kenny v. Rust, 17 Mass. App. Ct. 699, 703 (1984).
4. The absence of sound discretion apparent in the court’s refusal to set aside the default is further evident in its assessment and award, without a hearing, of the full amount of damages and attorney’s fees sought by the plaintiff. At best, the defendant’s default established only the factual allegations of the complaint relative to liability; the default did not concede the amount of damages or the plaintiffs mere conclusions of law.[4] Productura E Importatadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 833 (1978); Plasko v. Orser, 373 Mass. 40, 43-44 (1977); Danca Corp. v. Raytheon Co., 28 *47 Mass. App. Ct. 942, 943 (1990). Where a plaintiff has not sustained its burden of proving thatits claim was for a sum certain or susceptible of mathematical calculation, a hearing on the assessment of damages must be held. Plasko v. Orser, supra at 43-44; Bissanti Design/Build Group v. McClay, supra at 471. The plaintiffs own request for such a hearing in this case, its claim for “reasonable” attorney’s fees and the defendant’s assertion of defenses material to the issue of damages should have been sufficient to signal the need for the trial court to extend an opportunity to both parties to be heard in an evidentiary hearing on the assessment of damages. See Kansky v. Harrison, 398 Mass. 1007, 1008 (1986); M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980); Levy v. Select Sec. Tr. of America, Inc., 1987 Mass. App. Div. 153, 154.
In short, any judgment entered upon the defendant’s default in the amount of damages assessed, without hearing, by the court would operate with a harshness and unfairness unwarranted by the pretrial circumstances and apparent merits of this case. See Feeney v. Abdelahad, 6 Mass. App. Ct. 849 (1978). Such assessment and the default entered against the defendant must be set aside.
5. A removal of the default necessitates a brief comment on the question of conditional relief under Rules 55(c) and 60(b), the order for which prompted the defendant’s motion for reconsideration.
* It is established that a court may in its discretion impose equitable, appropriate conditions, including the posting of a bond, upon the allowance of a motion to set aside a default or to vacate judgment. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 290 (1984); Currier v. Malden Redevelop. Auth., 16 Mass. App. Ct. 906, 907 (1983). The amount of such bond or other security should reflect a fair balancing of “all aspects of the case and the respective interests of the parties.” Damaskos v. Board of Appeal of Boston, 359 Mass. 55, 64 n.9 (1971). Constitutional issues of fair access to the courts may arise when a party’s opportunity to present a valid claim or defense is precluded by its financial inability to satisfy the amount of the security ordered. Id. at 63-64. Where, as in the instant case,
the application for default is accompanied by affidavits which ‘clearly show possible merit’ in the proposed defense . . . [or] conditions on removing default... would make a disputed claim more secure than it was prior to the court’s action under Rule 55(c) ... [citations omitted],
Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., supra at 291 n.7, the imposition of such conditions is at best unwarranted.
Accordingly, the court’s assessment and award of damages is vacated, and its denial of the defendant’s motion to set aside the default and for reconsideration is reversed. The default is hereby vacated, without conditions, and the action is returned to the trial court for further proceedings and eventual trial. So ordered.

 The plaintiffs claim for damages consisted of the $42,945.00 purchase price of the goods; $6,557.38 in late fees and interest, and a “past due amount” of $6,000.00 on an invoice purportedly unrelated to the single contract alleged in the complaint.

 The plaintiffs complain t in fact sets forth discrepancies between contract and actual delivery dates which substantiate the defendant’s averments as to the plaintiffs breach of contract.

 Nor does a default automatically entitle aplaintiff to a default judgment; it remains the court’s duty to enter a judgment that is lawful in light of the facts established. Prudential-Bache Securities, Inc. v. Commissioner of Revenue, 412 Mass. 243, 249 (1992) and cases cited.