Sherman, P.J.
This is a Dist./Mun. Cts. RAD. A, Rule 8B appeal by the defendant of (1) the denial of his motion to vacate a default and file his answer late, and (2) the court’s entry of a default judgment in the amount of $20,622.00 without a hearing for the assessment of damages.
The parties’ Rule 8B agreed statement and the docket entries disclose that the plaintiff commenced this action on May 18, 1994 to recover for the defendant’s alleged breach of contract and G.L.c. 93A unfair and deceptive practices in inadequately repairing the defendant’s motor vehicle and in overbilling for services actually rendered. The plaintiff’s complaint sought damages in the amount of $5,000.00, plus punitive damages and attorneys’ fees.
The defendant was served on June 29, 1994, but failed to file an answer within the required time. The plaintiff thereafter filed requests for a default judgment on August 1,1994 and August 30,1994, and marked the latter request for a September 7,1994 hearing. The defendant failed to appear on the scheduled date.
On September 12,1994, the plaintiff filed a request for a default with a supporting affidavit. At the September 21, 1994 hearing, attended by both parties, the court advised the pro-se defendant of the seriousness of the case against him, and recommended that he retain legal counsel. Upon the defendant’s statement that he wished to hire an attorney to contest the plaintiff’s claims, the court granted the defendant ten days to answer, ordering that a default would be entered if the defendant did not file an answer by September 30,1994.
The defendant did not do so. On October 24,1994, a default was entered pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(a) and notice was issued. Upon receipt of notice, the defendant attempted to file an “answer” which he identified, in a cover letter to the court, as the “answer” he had “filed” with plaintiff’s counsel before September 30, 1994. The defendant stated that “he did not realize that the answer had to be filed with the court.” On October 28, 1994, the trial court clerk returned the answer with instructions to the defendant to either refile the answer with a motion to remove the default assented to by plaintiff’s counsel, or file and schedule a motion to remove the default. The defendant claims that he thereafter unsuccessfully attempted to contact plaintiff’s counsel on at least six occasions. Plaintiff’s counsel denied receiving any communication from the defendant other than the mailed “answer,” which counsel did not recall receiving by September 30, 1994. The defendant did not file a motion to vacate the default.
No further action was taken until February 10, 1995, when the plaintiff filed a motion for an assessment of damages and affidavit, and scheduled a hearing for February 22, 1995. The pro se defendant finally retained counsel upon receipt of *136 notice of the plaintiff’s motion. On the day before the scheduled hearing, defendant’s counsel filed motions to remove the default and answer late, and to file an amended answer and counterclaims. In support of the same, an affidavit of one Sheahan, an employee of the defendant’s, was submitted which stated that Shea-han had mailed the defendant’s answer to plaintiff’s counsel before September 30, 1994, and that she had left six messages for plaintiff’s counsel between October 24 and December 11,1994, and had never received a return call.
At the February 22, 1995 hearing, defendant’s counsel informed the court that he had spoken to plaintiff’s counsel, who had no objection to the defendant’s motions and would not be appearing in opposition. Counsel also submitted the Sheahan affidavit and explained to the court the earlier misunderstanding on the part of the then pro se defendant about the need to have filed his answer with the court by September 30,1994. The court orally denied the defendant’s motions.
Subsequent to said denial and the termination of the hearing, and with neither party appearing, the court allowed plaintiff’s motion for an assessment of triple damages, and ordered the entry of a default judgment in the amount of $20,622.00.
1. It is elementary that the decision to remove a default rests within the sound discretion of the motion judge. Riley v. Davison Construe. Co., 381 Mass. 432, 441 (1980); Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816 (1980); The Jerry Martin Co. v. Hyannis Marina, Inc., 3 Mass. App. Ct. 746 (1975). A.Dist./Mun. Cts. R. Civ. P., Rule 55 (c) request for such discretionary relief must be based on a showing of “good cause,”[2] and should demonstrate, preferably by affidavit, that the defendant has acted promptly to vacate the default and to file his answer, and that the defendant has a meritorious defense to the plaintiff’s claims. Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 74-75 (1989).
The defendant’s Rule 55(c) motion falls well short of satisfying such criteria. The defendant’s mere mistaken belief that he had filed an answer by mailing a copy of the same to plaintiff’s counsel did not constitute “good cause” for the removal of the default herein. See Bissanti Design Build Group v. McClay, 32 Mass. App. Ct. 469, 470 (1992). The defendant’s Rule 55(c) motion is indeed predicated on little more than the defendant’s contention that his unfamiliarity, as a pro se party, with procedural requirements justified his failure to respond effectively to the plaintiff’s complaint. It is well established, however, that a party’s pro se status does not “excuse him from compliance with relevant rules of substantive and procedural law.” Pandey v. Roulston, 419 Mass. 1010, 1011 (1995). See also Brossard v. West Roxbury Division, 417 Mass. 183, 184 (1994); International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983). Moreover, the defendant’s assertion of a lack of procedural information is at best unpersuasive given the specific guidance and advice provided by the court on several occasions.
Second, the record establishes not only that the defendant did not act promptly, but that his responses to this action were nothing short of dilatory. Despite the July 20, 1994 expiration of the original time for filing his answer, several Rule 55 requests by the plaintiff and notice of a September 7, 1994 hearing, the defendant took no action until September 21, 1994, when he appeared in court without an answer and without legal counsel. After the court’s granting of a ten day grace period for answering in response to the defendant’s statements of his intention to retain counsel and contest the plaintiff’s claims, the defendant still failed to comply *137 with the court’s express order to file an answer by September 30,1994. The defendant’s noncompliance with this specific court order properly resulted in the entry of the October 24, 1994 default against him, see Friedman v. Globe Newspaper Co., 38 Mass. App. Ct. 923, 924 (1995); Gos v. Brownstein, 403 Mass. 252, 255-256 (1988), and warranted the denial of Rule 55(c) relief which the defendant delayed requesting for an additional four months. The defendant cannot now seriously claim, after his disregard of the court’s September 21, 1994 order, that the court’s refusal to extend a second opportunity to him five months later to file a late answer amounted to an abuse of discretion. While defaults are disfavored and the entry of judgment after a full trial on the merits is generally preferred, such judicial policy did not entitle the defendant to ignore court orders and procedural requirements with impunity or to expect that his disregard of the plaintiff’s action would be free of consequences. See Buffum v. Rockport, 36 Mass. App. Ct. 377, 381 (1994); Cicchese v. Tape Time Corp., supra at 74; Kenney v. Rust, supra at 703.
Finally, we agree with the dissent that the defendant’s proposed answer and counterclaims present arguably meritorious issues which include release, accord and satisfaction and contract modification. The allegation of such defenses, and a conclusion that the plaintiff’s claims required testing at a trial on the merits, may well have prompted the motion judge, in an exercise of his broad discretion, to allow the defendant’s Rule 55(c) motion. Conversely, the court could have properly concluded, as it apparently did, that the defendant’s continuing failure to take seriously his responsibilities for responding to this litigation justified the denial of the defendant’s belated Rule 55(c) attempt to marshal defenses to the plaintiff’s claims. See Partlow v. The Hertz Corp., 370 Mass. 787, 790-791 (1976). Thus any doubts as to the severity of the court’s denial of the defendant’s motions are insufficient to compel the conclusion that the judge’s ruling constituted an abuse of discretion. See M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980). The standard for appellate review of an exercise of judicial discretion is not substituted judgment. Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986); Bird v. Ross, 393 Mass. 789, 791 (1985); Nabhan v. Board of Selectmen of Salisbury, 12 Mass. App. Ct. 264, 271-272 (1981).
2. The propriety of the court’s denial of the defendant’s Rule 55(c) motion to remove the default did not, however, authorize the court to enter a $20,622.00 default judgment without affording the defendant an opportunity to be heard at an assessment hearing. While a default establishes a defendant’s liability, it does not constitute an admission by the defendant of either mere conclusions of law, or the theory or amount of damages, set forth in the complaint. Productora e Importadora De Papel S.A. de C.V. v. Fleming, 376 Mass. 826, 834-835 (1978); Bissanti Design Build Group v. McClay, supra at 471. In the absence of an account annexed or a claim for a liquidated sum, a plaintiff remains obligated even after a default to prove the extent and amount of his damages by competent evidence. National Grange Mut. Ins. Co. v. Walsh, supra at 157-158.
The parties have failed to attach to their Rule 8B agreed statement copies of the plaintiff’s complaint, motion for assessment of damages and affidavit. Even in the absence of these materials, however, it is obvious that the plaintiff’s breach of contract and G.L.c. 93A claims for inadequate repairs and excessive charges were not for a “sum certain.” Further, the defenses and counterclaims set forth in the defendant’s proposed amended answer were sufficient to raise factual issues as to the amount of actual damages to which the plaintiff was entitled, and thus to indicate the need for an evidentiary hearing. See Kansky v. Harrison, 398 Mass. 1007, 1007-1008 (1986); M. Clifton Edson & Son v. McConnell, supra at 930. Finally, the conversion of the plaintiff’s $5,000.00 claim into a $20,000.00 recovery was unquestionably a function of the court’s assessment of G.L.c. 93A multiple damages. Punitive damages cannot, however, be properly assessed without an evidentiary hearing. Bissanti Design Build Group v. McClay, supra at 471, citing Flaks v. Koegel, 504 F.2d 702, 707 (2d. Cir. 1974). In short, the court’s entry in this case of a $20,622.00 default judgment without a prior hearing for the assessment of damages consti *138 tuted reversible error.
Accordingly, the court’s judgment for the plaintiff is hereby vacated, and this case is returned to the Framingham Division for an assessment hearing. Judgment in the amount of the damages so assessed is then to be entered for the plaintiff. So ordered.

There is, of course, a critical distinction between a default and a default judgment. National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 156 n.2 (1989); Kenney v. Rust, 17 Mass. App. Ct. 699, 702 n.5 (1984). As no default judgment had been entered in this case prior to the filing of the defendant’s February 21, 1995 motion, such motion was subject to the “good cause” standard of Rule 55(c), rather than the more stringent “excusable neglect” requirements of Rule 60 (b). MVP, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932, 932-933 (1988).