Brant, J.
Defendant Lease One Corporation (“Lease One”) was defaulted for failing to answer, an assessment hearing was held, and a default judgment for actual and G.L.c. 93A punitive damages was entered against Lease One for its refusal to return an unearned deposit. Lease One has appealed the denial of its Mass. R. Civ. R, Rule 55(c), motion to vacate the default.
On October 26, 2000, the parties executed a proposal in which Lease One agreed to assist plaintiff U.S. Environmental Rental Corp. in obtaining $2,000,000.00 in lease financing within thirty days. The plaintiff paid Lease One a *150 deposit of $60,000.00, an amount equal to three (3%) percent of the anticipated lease financing. The parties agreed that the deposit would be refunded in the event that Lease One was unable to obtain lease financing in the full amount of the two million dollars sought, and that the plaintiff would be liable to Lease One for only three (3%) percent of the amount of financing actually obtained.
In January, 2002, the plaintiff made several requests to Lease One to either secure the lease financing or return its deposit. On January 23, 2002, Lease One refunded $30,000.00, half of the deposit, because it could not arrange for more than $1,000,000.00 in lease financing. However, by February, 2002, Lease One had obtained only $500,000.00 in financing commitments. The plaintiff demanded that Lease One return an additional $15,000.00 of the deposit in accordance with the parties’ agreement that the plaintiffs fee would be limited to three (3%) percent of the financing actually obtained. Lease One never responded to this or additional requests for the return of the $15,000.00 amount.
On September 24, 2002, the plaintiff sent Lease One a G.L.c. 93A demand letter seeking return of the $15,000.00 portion of the deposit. Lease One did not respond.
The plaintiff commenced this action on November 20, 2002. Its five-count complaint sought recovery of the $15,000.00 deposit balance plus G.L.c. 93A punitive damages and attorney’s fees. Service of process was made on Lease One on the same date. Lease One did not answer the complaint.
On December 23,2002, almost two weeks after the time for filing an answer had expired, Lease One’s president telephoned the plaintiff’s counsel to inform him that he was planning on contacting Lease One’s attorney sometime after the New Years holiday. On December 24, 2003, the plaintiff filed requests for a default, the entry of judgment by default and a hearing to assess damages and attorney’s fees. After a hearing on January 3,2003, the trial judge assessed $15,000.00 in damages on the first four complaint counts, and $30,000.00 in double damages on the plaintiff's G.L.c. 93A claim. The judge instructed the plaintiff to file an affidavit in support of its request for attorney’s fees.
On January 15, 2003, Lease One filed a motion for relief from judgment. The court treated the motion as one to vacate the default and, after hearing, denied it. The court also ordered a hearing for the assessment of both G.L.c. 93A damages and attorneys fees. Both parties presented extensive argument on March 7,2003. On December 24, 2003, judgment was entered for the plaintiff in the amount of $15,000.00 on Counts I-IV, $30,000.00 on Count Y, and $8,145.50 in attorney’s fees and costs, for a total award to the plaintiff of $54,098.33. This appeal followed.
Although Lease One characterized its motion as one for relief from judgment under Mass. R. Civ. R, Rule 60(b) (1), no judgment had been entered at the time the motion was filed. The trial court properly treated the motion, therefore, as one to vacate the default pursuant to Mass. R. Civ. R, Rule 55(c). “[Mjotions are decided on the basis of their substance and not their caption.” Dombrowski v. Cronin, 2001 Mass. App. Div. 194, 195. See also Tracor, Inc. v. Crawley, 1993 Mass. App. Div. 13, 14. While the “good cause” standard for default removal under Rule 55(c) is more lenient than the “excusable neglect” requirement of Rule 60(b)(1), MVP, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932, 932-933 (1988); Continental Data Corp. v. Old Colony Group Leasing, Inc., 1993 Mass. App. Div. 44, 45-46, Lease One was still obligated to justify its failure to respond to the complaint. Further, Lease One was required to demonstrate by affidavit that it acted promptly to vacate the default and that it had meritorious defenses to the plaintiff’s claims. Bissanti Design/ Build Group v. McClay, 32 Mass. App. Ct. 469, 470 (1992); Coady v. Stack, 1995 Mass. App. Div. 135, 136. Whether Lease One satisfied the prerequisites to Rule 55(c) default removal was an issue addressed to the sound discretion of the motion judge. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984); Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 805 (2002).
*151 While Lease One moved expeditiously to vacate the default, it failed to offer any explanation, much less good cause, for its failure to file a timely answer to the plaintiffs complaint. Lease One points only to the fact that its president was considering contacting the company’s lawyer after the New Years holiday, more than three weeks after the expiration of the twenty-day period for submitting an answer. The motion judge may well have concluded that Lease One merely elected to treat this action with the same apparent nonchalance and indifference it had shown to the plaintiffs earlier requests for repayment of the $15,000.00 deposit monies and the plaintiffs G.L.c. 93A demand letter. Further, Lease One advanced no substantial defense to the plaintiffs claim for a return of the $15,000.00, which was due upon Lease One’s failure to arrange more than $500,000.00 in lease financing. In short, there was no abuse of discretion in the trial court’s denial of Lease One’s Rule 55(c) motion to remove the default on Counts I through IV of the complaint.
The judge also proceeded correctly in adjudicating the plaintiff’s G.L.c. 93A claim. An extensive hearing to assess both damages and attorney’s fees was held. See Coady v. Stack, supra at 137. Both parties were afforded an ample opportunity to be heard. We find no error of law in the court’s ultimate ruling that Lease One’s continuing refusal, after repeated demands, to refund the $15,000.00 in question constituted conduct warranting the imposition of punitive damages.
So ordered.