Lauriat, Peter M., J.
The plaintiffs, Jean McGuire (“McGuire”), Monique Davis (“Davis”), and Lillian Valdez (“Valdez”) are homeowners who live adjacent to 40 Dennison Street in Roxbury, Massachusetts, where the defendant property owners, Joan Pennant (“Pennant”) and Gerald Kelly (“Kelly”), and the defendant contractors[1] began constructing a three-family home. In their complaint, the plaintiffs allege nuisance, trespass, and negligence against the defendants arising from that construction. After Kelly failed to respond to the complaint, a default judgment was entered against him. Kelly has now moved to vacate that default judgment pursuant to Mass.R.Civ.P. 55(c) and 60(b)(4), on the ground of insufficient service of process. For the following reasons, Kelly’s motion to vacate the default judgment is reluctantly allowed.
BACKGROUND
On October 10, 2006, the plaintiffs brought this action against the defendants, who owned and/or were constructing a three-family residence at 40 Den-nison Street in Roxbuiy Massachusetts. The plaintiffs sought, inter alia, a preliminary injunction to halt the defendants’ construction. After examining documents from the Suffolk County Registry of Deeds, the City of Boston Assessing Department, and the Secretary of the Commonwealth, the plaintiffs’ attorney concluded that Kelly’s address was: 300 Warren Street, Apartment 295, Boston, MA 02119.[2]
On October 18, 2006, a court-appointed process server left a summons, order of notice and a copy of the plaintiffs’ complaint at 300 Warren Street, Boston Massachusetts, with Edosa Owens[3] (“Owens”), who the process server believed was Kelly’s agent. On October 24, 2006, a hearing was held on the plaintiffs’ motion for a preliminary injunction. Kelly attended and observed that hearing from the gallery.[4] On October 31, 2006, the court denied the plaintiffs’ motion for a preliminary injunction.
Because the defendants failed to respond to service of the complaint, or to file an answer, on March 23, 2007, the plaintiffs requested that the clerk enter a default against them pursuant to Mass.RCiv.P. 55(a). On April 10, 2007, the clerk entered default as to Pennant, Harper’s Construction, Melford Harper, Kallon Architectural Design & Contracting Company, and Charles Kettendorf. On April 11, 2007, Pennant moved to remove the default and to file an answer. On April 19, 2007, Pennant’s motion was allowed by the court. On September 20,2007, a default judgment was entered against Kelly and the defendant contractors. Allegedly after hearing about the plaintiffs’ claims for the first time on November 5, 2007, Kelly filed the present motion for relief from the default judgment.
DISCUSSION
In general, removal of a default judgment is left to the sound discretion of the trial judge. Bissanti Design/Build Group v. Mcclay, 32 Mass.App.Ct. 469, 470 (1992). And courts have expressed a strong aversion from disposing of cases by default. See, e.g., Scannell v. Ed. Ferreirinha & Irmao, LDA., 23 Mass.App.Ct. 465, 470 (1987). Pursuant to Mass.R.Civ.P. 55(c), a default judgment can be set aside in accordance with Mass.RCiv.P. 60(b). Determining whether removal of default judgment is appropriate under Mass.R.Civ.P. 60(b)(1), the court should consider the six factors outlined in Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 430-31 (1979).[5] However, here, Kelly asserts that, pursuant to Mass.RCiv.P. 60(b)(4), the default judgment entered against him should be vacated because he was never properly served. Pursuant to Mass.R.Civ.P. 4(d)(1), proper service is accomplished by leaving a summons and a copy of the complaint at the defendant’s last and usual place of abode.[6] Where service of process has not been properly effectuated, the court has no discretion to deny relief from a default judgment. Field v. Mass. Gen. Hosp., 393 Mass. 117, 118 (1984).[7] However, it is well settled that a court cannot obtain personal jurisdiction over a defendant without proper service of process or an appropriate substitute. Wang v. Niakaros, 67 Mass.App.Ct. 166, 172 (2006).
In support of his motion, Kelly attests that he never lived at 300 Warren Street, Boston, Massachusetts. From October 2005 until December 2006, Kelly resided at 272 Nevada Street, Newton, Massachusetts. And since December 2006, Kelly has resided at 118 Oak Street, Wellesley, Massachusetts. The premises at 300 Warren Street, Boston, Massachusetts is split into three separate businesses: a florist, a hair salon, and a manicurist. At *729 306A Warren Street, Boston, Massachusetts, Owens operates a mailbox business and receives mail addressed to 300 Warren Street. Mailbox number 295 is rented to Kelly. Thus, despite the plaintiffs’ reasonable efforts to determine Kelly’s address, 300 Warren Street, Boston, Massachusetts was never Kelly’s last or usual place of abode.[8] In addition, as indicated in his affidavit, Owens was not Kelly’s duly authorized agent. Because proper service was never effectuated, this court must vacate the default judgment against Kelly.
However, the plaintiffs have submitted credible evidence that Kelly attended the October 24, 2006 hearing on the plaintiffs’ motion for a preliminary injunction, thus he has been aware of this action for more than a year. Indeed, Pennant, as Kelly’s co-owner of the property at issue, has been defending this action since that time. Therefore, while at the time service of process was insufficient, Kelly has now been effectively served, and he will be bound by the same tracking order as Pennant.
ORDER
For the foregoing reasons, Kelly’s motion to vacate the default judgment pursuant to Mass.R.Civ.P. 55(c) and 60(b)(4) is ALLOWED.

Melford Harper, Harper’s Construction, Prince Kallon, Charles Kettendorf, Kallon Architectural Design & Construction Company, and Jonathon Bradshaw.

In Book 24317, page 303 at the Suffolk County Registry of Deeds, the deed for 235-249 Dudley Street, Roxbury, Massachusetts 02119 lists Kelly’s address as: “300 Warren Street, Unit 295, Boston (Roxbury District), Ma [sic] 02119.” The cancelled deed for 16 St. Margaret Street, Boston, Massachusetts states Kelly’s address as “300 Warren Street, Boston, Massachusetts.” Recorded in Book 38965, Page 137 at the Suffolk County Registry of Deeds, the deed for 62 Old Morton Street, Mattapan, Massachusetts lists Kelly’s address as “300 Wanen Street, Unit 295, Roxbury, Massachusetts 02119.” Recorded in Book 39937, Page 281, the mortgage of 116 Ballou Avenue, Boston, Massachusetts identifies Kelly’s address as “300 Warren Street, Boston, MA.” Recorded in Book 40127, Page 120 at the Suffolk County Registry of Deeds, the deed for 55 Granfield Avenue, Roslindale, Massachusetts lists Kelly’s address as “300 Warren Street, #296 [sic], Roxbury, Mass.” Recorded in Book 40462, Page 213 at the Suffolk County Registry of Deeds, the deed of 46 Westville Street, Dorchester, Massachusetts states that Kelly is “of Boston, Massachusetts.” Recorded in Book 40462, Page 214 at the Suffolk County Registry of Deeds, the mortgage of 46 Westville Street, Dorchester, Massachusetts lists Kelly’s address as “300 Warren Street, Roxbury, Massachusetts 02119.” Recorded in Book 40504, Page 154 at the Suffolk County Registry of Deeds, the deed for 551-553 Dudley Street, Roxbury, Massachusetts lists Kelly’s address as “300 Warren Street, Unit #295, Roxbury, Suffolk County, Massachusetts.” Recorded in Book 40504, Page 155 at the Suffolk County Registry of Deeds, the mortgage of 551-553 Dudley Street, Roxbury, Massachusetts lists Kelly’s address as “300 Warren Street, Roxbury, Massachusetts 02119.” Records at the Secretary of the Commonwealth with regard to Valentine and Thornton Street LLC, for which Kelly is a manager, indicate Kelly’s business address is “300 WARREN ST., APT. 295, BOSTON, MA 02119.”

The return of service states that a summons and order of notice and a copy of the complaint were left with “Edward Owens.”

In their affidavits, the plaintiffs, McGuire and Davis, attest that Kelly attended the October 24, 2006 hearing on the plaintiffs’ motion for a preliminary injunction.

A motion to vacate a default judgment pursuant to Rule 60(b) requires consideration of the following six factors:
(1) Whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself; for the courts have been reluctant to attribute to the parties the errors of their legal representatives.
Berube, 7 Mass.App.Ct. at 430-31.

Rule 4(d)(1) states:
Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any farther notice required by such statute be given. If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant’s last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

A default judgment obtained without service of process is void. Farley v. Sprague, 374 Mass. 419, 424-25 (1978).

Moreover, neither party disputes that Kelly could use 300 Warren Street, Boston, Massachusetts as his business address.